THE STATE EX REL. YEAGLEY *v.* HARDEN.

[Cite as *State ex rel. Yeagley v. Harden* (1993), 68 Ohio St.3d 136.]

(No. 93–24—Submitted December 7, 1993—Decided December 16, 1993.)

*Donald J. McTigue,* for relator.

*Howard E. Hall,* Morrow County Prosecuting Attorney, for respondent.

*Per Curiam.* Relator, Rex A. Yeagley, was elected Sheriff of Morrow County in 1984 and 1988. Respondent, Tom E. Harden, was nominated as the Republican candidate for sheriff at the 1992 party primary election and was elected in the 1992 general election.

Relator seeks a writ of quo warranto to remove respondent and to gain his own reinstatement under R.C. 2733.06 (ouster where relator is entitled to a public office unlawfully held and exercised by another). Relator claims that respondent does not have a valid certificate of training as a law enforcement officer and is therefore not qualified to be sheriff under R.C. 311.01(B)(8) (" * * * no person

shall be elected * * * to the office of sheriff unless that person * * * [h]as held, within three years prior to the qualification date, a valid certificate of training as a law enforcement officer compensated with governmental funds."). Relator further contends that he is entitled to hold over under R.C. 3.01 ("A person holding an office of public trust shall continue therein until his successor is elected or appointed and qualified, unless otherwise provided in the constitution or laws of this state.").

On motion for summary judgment, relator argues that respondent did not comply with R.C. 2733.12, which states:

"The defendant in an action in quo warranto may demur or file an answer, which may contain as many several defenses as he has, within thirty days after the filing of the petition, if it was filed on leave and notice, or after the return day of the summons. The plaintiff may file a demurrer or a reply to such answer within thirty days thereafter."

Relator filed this complaint on January 5, 1993. Respondent filed a Civ.R. 12(B)(6) motion to dismiss on February 4, 1993. We overruled the motion to dismiss on March 17, 1993, and respondent filed his answer on March 24, 1993. Relator claims that this quo warranto action is a special statutory proceeding to which Civ.R. 12(A) does not apply, and that by failing to demur or answer within the statutory period, respondent has admitted the allegations of the complaint. See Civ.R. 1(C)(7) and 8(D).

Respondent replies that Civ.R. 7(C) abolishes the demurrer, substituting in its place the Civ.R. 12(B)(6) motion to dismiss, that Civ.R. 12(A)(2) allows a party fourteen days to plead after a motion to dismiss has been overruled, and that respondent's answer was filed within the fourteen days.

The Civil Rules do not apply to special statutory proceedings "to the extent that they would by their nature be clearly inapplicable." Civ.R. 1(C)(7). However, we have applied the Civil Rules in mandamus actions, see *State ex rel. Spirko v. Court of Appeals* (1986), 27 Ohio St.3d 13, 27 OBR 432, 501 N.E.2d 625, despite the fact that the mandamus statutes also retain archaic pleading references such as that contained in R.C. 2733.12. Moreover, S.Ct.Prac.R. VIII(1) directs that original actions in this court "shall proceed as any civil action under the Ohio Rules of Civil Procedure." Accordingly, we follow the Civil Rules here and find that respondent's pleading complied with Civ.R. 12(A)(2).

The dispositive issue in this case is whether respondent is in compliance with R.C. 311.01(B)(8). In *State ex rel. Hayburn v. Kiefer* (1993), 68 Ohio St.3d 132, 135–136, 624 N.E.2d 699, 702, decided today, we construed the statute to mean that:

"[A] sheriff or candidate for sheriff must have received some training for duties as a public law enforcement officer, which training is memorialized by a certificate that was valid during at least some part of the last three years preceding the applicable qualification date. The training need not necessarily be peace officer basic training because the General Assembly has not specified this requirement."

The essence of our holding in *Kiefer* was that R.C. 311.01(B)(8) is a mandatory training requirement, but that *any* law enforcement training evidenced by a certificate valid during the relevant time period is sufficient compliance with the statute. There, we specifically rejected relator's argument that completion of a peace officer basic training course is the only training that will satisfy R.C. 311.01(B)(8). Thus, if respondent has held some law enforcement training certificate within the three years before his applicable "qualification date," which in this case is February 20, 1992, the date declarations of candidacy were due, then he has qualified as sheriff and is not holding the office unlawfully.

Respondent possesses the requisite training and certificate. Although he never completed the Ohio Peace Officer Training Council's basic training course, the record substantiates that he received numerous certificates of specific training between 1963 and 1992, during his tenure as deputy sheriff and Sheriff of Morrow County, as an auxiliary police officer for the Ontario Police Department, and as the Delaware County Auxiliary Deputy Sheriff. Respondent, therefore, is qualified for his office under R.C. 311.01(B)(8), as interpreted by *Kiefer, supra.*

The parties raise a variety of other arguments respecting respondent's compliance with R.C. 311.01(B)(8), but all are founded on the premise that a peace officer basic training certificate is required, so we need go no further with our analysis. Respondent also argues that relator has an adequate remedy at law; however, our decision also makes resolution of this issue unnecessary. Thus, for the foregoing reasons, relator's motion for summary judgment is overruled and the writ of quo warranto is denied.

*Writ denied.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.