[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 42.]

THE STATE EX REL. CHANCE ET AL. *v*. MAHONING COUNTY BOARD OF ELECTIONS.

[Cite as *State ex rel. Chance v. Mahoning Cty. Bd. of Elections*, 1996-Ohio-253.]

*Elections—Mandamus—Candidacy for sheriff—Law enforcement training certificate requirement of R.C. 311.01(B) satisfied, when—Writ granted to compel board to certify candidacy.*

(No. 96-342—Submitted and decided February 16, 1996.)

In MANDAMUS.

———————————

{¶ 1} On January 19, 1996, relator, Philip A. Chance, filed a declaration of candidacy and petition for the Democratic Party nomination for the office of Sheriff of Mahoning County at the March 19, 1996 primary election. The declaration of candidacy and petition contained sufficient signatures of electors.

{¶ 2} Pursuant to R.C. 3513.05, Anthony R. Noday, a member of the Democratic Party and a qualified elector, filed a written protest against Chance's candidacy. Noday asserted that Chance did not satisfy the law enforcement training certificate requirement of R.C. 311.01(B)(8).

{¶ 3} On February 6, the Mahoning County Board of Elections ("board") held a hearing on Noday's protest. At the hearing, Chance presented evidence that he possesses numerous certificates of law enforcement training which have no expiration date. One of Chance's law enforcement training certificates is a peace officer basic training certificate issued by the Ohio Peace Officer Training Council on December 18, 1973. According to Chance, this certificate also remains valid. Nevertheless, at the conclusion of the hearing, the board upheld the protest by a two-to-one vote.

**{¶ 4}** Three days following the board's decision, Chance instituted this action for a writ of mandamus compelling the board to certify his name as a candidate on the March 19 primary ballot for the Democratic Party nomination for the office of Sheriff of Mahoning County. We grant the Secretary of State's motion to intervene as a relator. See Civ.R. 24.

_____

*McTigue & Brooks* and *Donald J. McTigue*; *Jeffrey B. Fleck & Associates* and *Jeffrey B. Fleck*, for relator.

*Betty D. Montgomery*, Attorney General, and *Timothy G. Warner*, Assistant Attorney General, for intervening relator.

_____

***Per Curiam.***

**{¶ 5}** In extraordinary actions reviewing the decision of a board of elections, the standard is whether the board engaged in fraud, corruption, abuse of discretion, or clear disregard of statutes or applicable legal provisions. *State ex rel. Rife v. Franklin Cty. Bd. of Elections* (1994), 70 Ohio St.3d 632, 633-634, 640 N.E.2d 522, 523-524.

**{¶ 6}** The board determined that Chance did not satisfy the law enforcement training certificate requirement to be a candidate for sheriff. R.C. 311.01(B) provides:

"[N]o person is eligible to be a candidate for sheriff and no person shall be elected or appointed to the office of sheriff unless that person meets all of the following requirements:

"***

"(8) Has held, within three years prior to the qualification date, a valid certificate of training as a law enforcement officer compensated with governmental funds[.]"

2

**{¶ 7}** We have construed the R.C. 311.01(B)(8) requirement "to mean that a sheriff or candidate for sheriff must have received some training for duties as a public law enforcement officer, which training is memorialized by a certificate that was valid during at least some part of the three years preceding the applicable qualification date." *State ex rel. Hayburn v. Kiefer* (1993), 68 Ohio St.3d 132, 135-136, 624 N.E.2d 699, 702. Any law enforcement training evidenced by a certificate valid during the pertinent three-year period complies with R.C. 311.01(B)(8). *State ex rel. Yeagley v. Harden* (1993), 68 Ohio St.3d 136, 138, 624 N.E.2d 702, 704.

**{¶ 8}** During the three years prior to the January 19, 1996 qualification date, see R.C. 311.01(H)(1) and 3513.05, Chance held numerous law enforcement training certificates which remained unrevoked and unexpired. Therefore, even assuming that the 1989 expiration of Chance's reserve deputy commission affected the validity of his peace officer training certificate his other law enforcement training certificates satisfied R.C. 311.01(B)(8). *Hayburn* and *Yeagley, supra*. This interpretation comports with our duty to liberally construe words limiting the right of a person to hold office so that "'the public may have the benefit of choice from all those who are in fact and in law qualified.'" *State ex rel. Schenck v. Shattuck* (1982), 1 Ohio St.3d 272, 274, 1 OBR 382, 383, 439 N.E.2d 891, 893, quoting *Gazan v. Heery* (1936), 183 Ga. 30, 42, 187 S.E. 371, 378.

**{¶ 9}** This result is also consistent with the view of the Secretary of State. (See Motion to Intervene.) When an election statute is subject to different, but equally reasonable interpretations, the interpretation of the Secretary of State, the state's chief election officer, is entitled to more weight. *State ex rel. Herman v. Klopfleisch* (1995), 72 Ohio St.3d 581, 586, 651 N.E.2d 995, 999.

**{¶ 10}** Based on the foregoing, the board abused its discretion and acted in clear disregard of R.C. 311.01(B)(8) and applicable law in sustaining the protest. Chance possesses no adequate remedy in the ordinary course of law. Accordingly, relators are granted a writ of mandamus compelling the board to certify Chance as

a candidate for the Democratic Party nomination for Mahoning County Sheriff at the March 19, 1996 primary election.

*Writ granted.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————