[Cite as *State ex rel. Bandy v. Villanueva*, 2012-Ohio-1750.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97826**

## STATE OF OHIO, EX REL., WILLIE BANDY

RELATOR

vs.

## JUDGE JOSE VILLANUEVA

RESPONDENT

## JUDGMENT:
## COMPLAINT DISMISSED

Writ of Mandamus
Motion Nos. 451882, 452312, 452327,
452328, and 452329
Order No. 453684

**RELEASE DATE:**   April 18, 2012

**FOR RELATOR**

Willie Bandy, pro se
Inmate No. 431-465
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, Ohio   44044

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:   James E. Moss
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1} Relator, Willie Bandy, is the defendant in *State v. Bandy*, Cuyahoga County Court of Common Pleas Case No. CR-417888, which has been assigned to respondent judge. Bandy complains that respondent has not issued findings of fact and conclusions of law with respect to his petition for postconviction relief filed on September 7, 2011. He requests that this court issue a writ of mandamus compelling respondent to issue findings of fact and conclusions of law.

{¶2} Bandy filed several motions on September 7, 2011, in addition to his petition for postconviction relief. In his motion to dismiss, respondent has apparently misconstrued Bandy's request for relief and argued that respondent does not have a duty to issue findings of fact and conclusions of law with respect to Bandy's motion for appointment of counsel, also filed on September 7, 2011. Although respondent's argument is misdirected, dismissal of this action is appropriate.

{¶3} In 2008, Bandy appealed his sentencing entry issued in 2002. This court denied his motion for delayed appeal as well as his motion for appointment of counsel and dismissed his appeal. *State v. Bandy*, 8th Dist. No. 91322.

{¶4} On February 3, 2012, respondent issued an entry denying the petition for postconviction relief but did not issue findings of fact and conclusions of law. R.C. 2953.21(A)(2) provides:

> Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the

court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.

Bandy filed his petition for postconviction relief on September 7, 2011, clearly more than 180 days after the time for filing his appeal from his conviction and sentence in 2002.

{¶5} R.C. 2953.23(A) provides that "a court may not entertain a petition filed after the expiration of the period prescribed in" R.C. 2953.21(A) unless the petitioner demonstrates that certain exceptions apply. Bandy "has not demonstrated that any exception to the one-hundred-eighty-day requirement applies." *State ex rel. Brown v. Friedland*, 8th Dist. No. 86493, 2005-Ohio-4289, ¶ 3. "Because the petition was untimely, respondent did not have a clear legal duty to issue findings of fact and conclusions of law." *Id.* at ¶ 4. Likewise, respondent in this action does not have a clear legal duty to issue findings of fact and conclusions of law.

{¶6} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Complaint dismissed.

MARY J. BOYLE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J., CONCUR