[THE STATE EX REL.] LOWE, APPELLANT, *v.* CALLAHAN, JUDGE, APPELLEE.

[Cite as *State ex rel. Lowe v. Callahan,* 136 Ohio St.3d 324, 2013-Ohio-3689.]

*Court of appeals' judgment dismissing complaint for writ of procedendo affirmed—Procedendo will not compel the performance of a duty that has already been performed.*

(No. 2013-0441—Submitted August 21, 2013—Decided September 4, 2013.)

APPEAL from the Court of Appeals for Summit County, No. 26758.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals denying relief to appellant, Dennis Ray Lowe, on his complaint for a writ of procedendo. Lowe seeks to compel appellee, Judge Lynne Callahan, to issue a ruling on his motion in arrest of judgment. He alleges that he filed his motion on August 10, 2012, and that Judge Callahan has not ruled on it.

{¶ 2} Judge Callahan moved the court of appeals to dismiss the complaint, arguing that the action was moot because she had ruled on Lowe's motion on August 22, 2012. The Ninth District Court of Appeals granted the motion. Lowe appealed as of right.

{¶ 3} In his first proposition of law, Lowe argues that Judge Callahan's ruling on August 22, 2012, was on the wrong issue. Lowe claims that his motion dealt with a structural-error violation, not a speedy-trial violation. He claims that the judge's failure to rule on the correct violation violates his due-process rights. In his second proposition of law, he likewise argues that the Ninth District should not have dismissed his complaint for a writ of procedendo, because the judge did not rule on his structural-error challenge.

**{¶ 4}**   As the court below correctly reasoned, relief is unwarranted here because procedendo will not compel the performance of a duty that has already been performed.  *State ex rel. Fontanella v. Kontos*, 117 Ohio St.3d 514, 2008-Ohio-1431, 885 N.E.2d 220, ¶ 6, citing *State ex rel. Howard v. Doneghy*, 102 Ohio St.3d 355, 2004-Ohio-3207, 810 N.E.2d 958, ¶ 6.  Judge Callahan ruled on Lowe's motion on August 22, 2012, only 12 days after he had filed it.  Therefore, the judge has performed the duty that the writ of procedendo seeks to compel.

**{¶ 5}**   Lowe's argument is not that the judge failed to rule on his motion but that she addressed the wrong issue in her ruling.  That argument should have been raised in an appeal of the ruling rather than in an action for a writ of procedendo.

**{¶ 6}**   Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Dennis Ray Lowe, pro se.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellee.

_____