THE STATE EX REL. CLAY, APPELLANT, *v*. GEE, JUDGE, APPELLEE.[1]

[Cite as *State ex rel. Clay v. Gee,* **138 Ohio St.3d 151, 2014-Ohio-48.**]

*Court of appeals' judgment dismissing complaint for writ of procedendo affirmed—Procedendo will not compel the performance of a duty that has already been performed.*

(No. 2013-0839—Submitted October 8, 2013—Decided January 16, 2014.)

APPEAL from the Court of Appeals for Miami County, No. 2013-CA-09.

——————————

**Per Curiam.**

{¶ 1}   We affirm the judgment of the court of appeals denying relief to appellant, James H. Clay.

{¶ 2}   On July 13, 2011, this court ruled that it was unconstitutional to apply sex-offender classifications under Ohio's Adam Walsh Act, R.C. Chapter 2950 as amended by 2007 Am.Sub.S.B. No. 10, to defendants convicted prior to the effective date of that legislation. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, syllabus; *see In re Bruce S.*, 134 Ohio St.3d 477, 2012-Ohio-5696, 983 N.E.2d 350 (discussing the effective date of Ohio's Adam Walsh Act).   Pursuant to *Williams*, Clay filed a motion in the Miami County Court of Common Pleas for reclassification of his sex-offender status.

{¶ 3}   On March 21, 2013, Clay filed a petition for a writ of procedendo in the Second District Court of Appeals to compel a ruling on his motion.   About one week later, Miami County Common Pleas Court Judge Christopher Gee issued a judgment entry granting the motion and reclassifying Clay's sex-offender status.

---

1. Throughout this litigation, this case has been incorrectly captioned *State v. Clay*.

**{¶ 4}** Thereafter, the Second District Court of Appeals dismissed the petition for a writ of procedendo as moot.

**{¶ 5}** We affirm the judgment because procedendo will not issue to compel the performance of a duty that has already been performed. *State ex rel. Fontanella v. Kontos*, 117 Ohio St.3d 514, 2008-Ohio-1431, 885 N.E.2d 220, ¶ 6.

**{¶ 6}** Clay argues that Judge Gee failed to perform his duty because the judge allegedly violated the law in the course of conducting the reclassification hearing. However, procedendo will not issue to correct such an error, because Clay has an adequate remedy by way of appeal. *State ex rel. Lowe v. Callahan*, 136 Ohio St.3d 324, 2013-Ohio-3689, 995 N.E.2d 226, ¶ 5; *State ex rel. Culgan v. Collier*, 132 Ohio St.3d 394, 2012-Ohio-2916, 972 N.E.2d 579.

**{¶ 7}** Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

James H. Clay, pro se.

Anthony E. Kendell, Miami County Prosecuting Attorney, and Robert E. Long III, Assistant Prosecuting Attorney, for appellee.

_____