[Cite as *State ex rel. Davies v. Schroeder*, 2014-Ohio-973.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO ex rel. ROBERT R. DAVIES, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | |
| | : | **CASE NO. 2013-A-0059** |
| - vs - | : | |
| JUDGE DAVID A. SCHROEDER, | : | |
| Respondent. | : | |

Original Action for Writ of Procedendo.

Judgment: Petition dismissed.

*Robert R. Davies*, pro se, 7455 Harmon Road, Conneaut, OH 44030 (Relator).

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Respondent).

PER CURIAM.

{¶1}   This original action is before this court for final disposition of respondent's motion to dismiss the procedendo petition. Respondent, Judge David A. Schroeder of the Ashtabula County Court, Western District, moves for dismissal because he has already performed the act that relator, Robert R. Davies, sought to compel. For the following reasons, the dismissal is warranted.

{¶2}   Relator requested the issuance of a writ to require respondent to render a ruling on two post-judgment motions in the underlying criminal case. In his petition,

relator alleged that, in April 2013, he filed a motion to seal his criminal record and a motion for reimbursement of certain funds. He also alleged that, despite conducting a hearing on the motions in May 2013, respondent still had not issued a final judgment on the two motions as of the date of the filing of the procedendo petition in October 2013.

{¶3} In maintaining that relator's sole claim for relief is now moot, respondent asserts that, within one week of the filing of this case, he ruled on both motions. In light of this, he submits that no further proceedings are needed because relator's prayer for relief under the procedendo claim has already been satisfied. Relator does not oppose this motion.

{¶4} "As a general proposition, a writ of procedendo will only lie when the relator can demonstrate, inter alia, that he has a legal right to have a judicial officer proceed in an underlying case and release a final determination on a pending matter. *State ex rel. Fontanella v. Kontos*, 11th Dist. No. 2007-T-0055, 2007-Ohio-5213, at ¶13. In light of the nature of this element, *** the merits of a claim in procedendo will be considered moot when the judicial officer has already completed the precise act which the relator sought to compel. *Perry v. McKay*, 11th Dist. No. 2009-T-0023, 2009-Ohio-5767, at ¶16." *Davis v. Smalheer*, 11th Dist. Geauga No. 2010-G-2982, 2010-Ohio-6061, ¶5.

{¶5} Respondent has not attached the judgment entry supporting his assertion that he has issued a dispositive judgment. However, the failure to attach a copy of the purported judgment to the dismissal motion does not always mean that the "mootness" argument must be rejected:

{¶6} "In regard to this point, this court would indicate that, in most instances in which a judge has moved to dismiss on the basis that a judgment on the pending matter

2

has already been rendered, the judge has usually attached a certified copy of the judgment to his motion. See *Penko* [*v. Mitrovich*, 11th Dist. No. 2003-L-191], 2004-Ohio-6326, at ¶6. However, although the submission of certified copies may be the best method for establishing the existence of such a judgment, we have also indicated that a finding of mootness can be made in an original action when the relator does not contest the respondent's contention. See *State ex rel. Pasqualone v. Yost* (July 24, 1998), 11th Dist. No. 98-A-0052, 1998 Ohio App. LEXIS 3424." *State ex rel. Verbanik v. Bernard*, 11th Dist. Trumbull No. 2006-T-0080, 2007-Ohio-1786, ¶8.

{¶7} Even though *Verbanik* involved a claim for a writ of mandamus, this court has followed the identical analysis in relation to a procedendo claim. *See Davis v. Burt*, 11th Dist. Geauga No. 2011-G-3009, 2011-Ohio-5340, ¶7.

{¶8} In this case, despite being accorded ample time to do so, relator has not submitted a response or brief in opposition to respondent's motion to dismiss. To this extent, he has admitted respondent's assertion concerning the issuance of a judgment disposing of the two pending motions in the underlying criminal action. Hence, even in the absence of a certified copy of the judgment, the materials before this court support the conclusion that relator's procedendo claim is moot because respondent has already performed the judicial act that the writ was intended to compel.

{¶9} Respondent's motion to dismiss the procedendo petition is granted. It is the judgment and order of this court that relator's entire procedendo petition is hereby dismissed.


DIANE V. GRENDELL, J., THOMAS R. WRIGHT J., COLLEEN MARY O'TOOLE, J., concur.