[Cite as *Capital One Bank v. Beaver*, 2014-Ohio-3077.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| CAPITAL ONE BANK (USA), NA, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-P-0025** |
| FAY BEAVER, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Portage County Municipal Court, Ravenna Division, Case No. R2013 CVF 01976.

Judgment: Appeal dismissed.

*Matthew G. Burg*, Weltman, Weinberg & Reis Co., L.P.A., 323 West Lakeside Avenue, Suite 200, Cleveland, OH 44113 (For Plaintiff-Appellee).

*Fay Beaver*, pro se, 10228 Wellington Road, Streetsboro, OH 44241 (Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} On May 19, 2014, appellant, Fay Beaver, pro se, filed a notice of appeal from an April 15, 2014 entry of the Portage County Municipal Court, Ravenna Division.

{¶2} A review of the record reveals that appellee, Capital One Bank (USA), NA, filed a complaint against appellant on July 15, 2013. After appellant filed her answer, appellee filed a motion for summary judgment, which the trial court granted on November 22, 2013. Thereafter, appellant filed a motion to set aside summary judgment, which trial court overruled on February 6, 2014. Appellant filed a motion to

reconsider on March 4, 2014, which was overruled by the trial court on April 15, 2014. It is from that entry appellant filed the instant appeal.

{¶3} Appellee filed a motion to dismiss the appeal on June 5, 2014. In its motion, appellee moves this court to dismiss appellant's notice of appeal as untimely filed pursuant to App.R. 4(A). Furthermore, appellee alleges that appellant's motion to reconsider was a nullity and that as a result, the April 15, 2014 entry denying the motion to reconsider was a nullity and should be dismissed.

{¶4} Appellant filed no response to the motion to dismiss.

{¶5} It is well established that a motion for reconsideration is not recognized under the Ohio Rules of Civil Procedure, and therefore, any judgment on such a motion is a nullity and cannot be appealed. *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 381 (1981); *see also*, *Kuss v. Clements*, 11th Dist. No. 2012-P-0023, 2012-Ohio-1678, at ¶ 4. Thus, the trial court's April 15, 2014 judgment entry in the instant matter overruling appellant's motion for reconsideration is itself a nullity and cannot be reviewed on appeal.

{¶6} Furthermore, the filing of a motion for reconsideration does not extend the time for filing an appeal from a final judgment. *Pitts* at 380. An appeal from either the November 22, 2013 entry granting appellee's motion for summary judgment or the February 6, 2014 entry denying appellant's motion to set aside summary judgment, which are the only final appealable orders listed on the trial court docket, is untimely.

{¶7} App.R. 4(A) requires a party to file a notice of appeal "within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the

2

notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."

{¶8} App.R. 3(A) expressly states that the only jurisdictional requirement for the filing of a valid appeal is to file a notice of appeal within the time allowed by App.R. 4. The Supreme Court of Ohio has held that the failure to comply with time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶9} Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the judgment within three days of entering the judgment upon the journal.

{¶10} Here, appellant has neither complied with the thirty-day rule set forth in App.R. 4(A) nor alleged that there was a failure by the trial court clerk to comply with Civ.R. 58(B). The time requirement is jurisdictional in nature and may not be enlarged by an appellate court. *Pendell* at 60; App.R. 14(B).

{¶11} Based upon the foregoing, appellee's motion to dismiss is hereby granted, and this appeal is dismissed for lack of a final appealable order and untimeliness.

{¶12} Appeal dismissed.


CYNTHIA WESTCOTT RICE, J.

THOMAS R. WRIGHT, J.,

concur.

3