[Cite as *State ex rel. Hundzsa v. Pittman*, 2015-Ohio-140.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. MICHAEL D. HUNDZSA, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | **CASE NO. 2014-P-0066** |
| | : | |
| - vs - | : | |
| | : | |
| HONORABLE LAURIE PITTMAN, et al. | : | |
| | : | |
| Respondents. | : | |

Original Action for Writ of Procedendo.

Judgment: Petition dismissed.

*Michael D. Hundzsa*, pro se, PID# A652-068, Belmont Correctional Institution, P.O. Box 540, 68518 Bannock Road, St. Clairsville, OH 43950 (Relator).

*Victor V. Vigluicci,* Portage County Prosecutor, and *Denise L. Smith,* Chief Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondents).


PER CURIAM

{¶1}    Pending before this court is relator, Michael D. Hundzsa's, Alternative Writ of Procedendo (Original Action), filed on November 3, 2014.  Hundzsa seeks to have this court compel respondent, Judge Laurie J. Pittman of the Portage County Court of Common Pleas, "to issue a ruling" on Hundzsa's July 17, 2014 Motion to Sentence pursuant to Ohio Revised Code §2941.25(A) and Crim.Rule 52(B), "directing that Realtor's [sic] commercial charged crime of a Failure of Notice for change of address,

conviction be rescinded" and that the court "lacked subject-matter and personal jurisdiction." Hundzsa further seeks to have this court notify the Ohio Department of Rehabilitation and Corrections that "the trial court of facts is in violation of R.C. § 109.57.1 of the corporate compact/contract constitution by initiating false claims using the State Courts."

{¶2} On December 9, 2014, Judge Pittman filed two Motions to Dismiss the original action on the grounds that, on November 18, 2014, she denied Hundzsa's July 17, 2014 Motion to Sentence.

{¶3} A writ of procedendo is "an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment," and "is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Davey v. Owen*, 133 Ohio St. 96, 106, 12 N.E.2d 144 (1937), and *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 184, 652 N.E.2d 742 (1995). "[P]rocedendo will not issue to compel the performance of a duty that has already been performed." *State ex rel. Clay v. Gee*, 138 Ohio St.3d 151, 2014-Ohio-48, 4 N.E.3d 1026, ¶ 5.

{¶4} In the present case, Judge Pittman ruled on Hundzsa's July 17, 2014 Motion to Sentence after the filing of this original action, thus rendering the issuance of a writ for procedendo moot. We further note that the writ "does not in any case attempt to control the inferior court as to what that judgment should be." *Davey* at 106; *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 106, 637 N.E.2d 319 (1994) (procedendo "never attempts to control how the inferior court rules").

2

{¶5} For the foregoing reasons, Judge Pittman's Motions to Dismiss are granted. Hundzsa's Alternative Writ of Procedendo (Original Action) is, hereby, dismissed.


TIMOTHY P. CANNON, P.J., DIANE V. GRENDELL, J., CYNTHIA WESTCOTT RICE, J., concur.