[Cite as *State ex rel. Lusane v. Pittman*, 2016-Ohio-3236.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. MATTHEW M. LUSANE, | : | **PER CURIAM OPINION** |
| Relator, | : | |
| | : | **CASE NO. 2015-P-0085** |
| - vs - | : | |
| HONORABLE JUDGE LAURIE J. PITTMAN, | : | |
| | : | |
| Respondent. | : | |

Original Action for Writ of Procedendo.

Judgment: Petition dismissed.

*Matthew M. Lusane*, pro se, PID: A660-925, Trumbull Correctional Institution, P.O. Box 640, Leavittsburg, OH 44430 (Relator).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Denise L. Smith*, Chief Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

PER CURIAM.

{¶1} Respondent, Judge Laurie J. Pittman, moves to dismiss relator, Matthew M. Lusane's, petition for a writ of procedendo due to mootness. Relator does not oppose. Dismissal is warranted.

{¶2} Relator seeks a writ ordering respondent to rule on a petition for postconviction relief that he filed in his underlying criminal case. Shortly after requesting the writ, respondent issued a judgment disposing of the

postconviction petition and ruling upon all other pending motions. Certified copies of those judgments are before this court.

{¶3} "A writ of procedendo is 'an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment,' and 'is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment.' *State ex rel. Davey v. Owen, 133 Ohio St. 96, 106, 12 N.E.2d 144 (1937), and State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 184, 1995 Ohio 98, 652 N.E. 2d 742 (1995). '[P]rocedendo will not issue to compel the performance of a duty that has already been performed.' *State ex rel. Clay v. Gee*, 138 Ohio St.3d 151, 2014-Ohio-48, 4 N.E.3d 1026, ¶5." *State ex rel. Hundzsa v. Pittman*, 11th Dist. Portage No. 2014-P-0066, 2015-Ohio-569, ¶3.

{¶4} Mootness is a basis for dismissing a procedendo petition. Moreover, a motion to dismiss may be supported with certified judgments. *See State ex rel. Davies v. Schroeder*, 11th Dist. Ashtabula No. 2013-A-0059, 2014-Ohio-973, ¶6-8; *Davis v. Burt*, 11th Dist. Geauga No. 2011-G-3009, 2011-Ohio-5340, ¶5-8. There is no dispute that respondent has issued a judgment that fully disposes of relator's postconviction petition. As a writ of procedendo cannot be used to control the substance of a judge's decision, *Hundzsa*, at ¶4, the merits of relator's procedendo petition is moot in all respects.

{¶5} Respondent's motion to dismiss is granted.

TIMOTHY P. CANNON, J., THOMAS R. WRIGHT, J., COLLEEN MARY O'TOOLE J., concur.