[Cite as *Andolsek v. Polstein*, 2018-Ohio-3626.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| MOYA ANDOLSEK, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2018-L-054** |
| DENISE POLSTEIN, et al., | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 2017 CV 000354.

Judgment:  Appeal dismissed.

*Moya Andolsek*, pro se, 29163 Chardon Road, Willoughby Hills, OH  44092 (Plaintiff-Appellant).

*Christina Noel Williams*, Williams, Noliterno & Scully Co., L.P.A., 2 Summit Park Drive, Suite 235, Cleveland, OH  44131 (For Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1}   On May 1, 2018, appellant, Moya Andolsek, filed a pro se notice of appeal from an April 24, 2018 entry of the Lake County Court of Common Pleas, in which the trial court denied appellant's request for reconsideration.

{¶2}   Appellant requested the trial court reconsider its March 23, 2018 decision denying appellant's motion for continuance of the trial.  Appellant indicates on the notice of appeal that the March 27, 2018 and April 24, 2018 entries are being appealed.  The

March 27, 2018 order issued by the trial court dismissed the case with prejudice. No appeal was filed from that order. Instead, appellant filed a request for reconsideration.

{¶3} It is well established that a motion for reconsideration is not recognized under the Ohio Rules of Civil Procedure, and therefore, any judgment on such a motion is a nullity and cannot be appealed. *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 381 (1981); *see also Capital One Bank v. Beaver*, 11th Dist. Portage No. 2014-P-0025, 2014-Ohio-3077, at ¶ 5. Thus, the trial court's April 24, 2018 entry denying appellant's request for reconsideration is a nullity and cannot be reviewed on appeal.

{¶4} Further, the filing of a motion for reconsideration does not extend the time for filing an appeal from a final judgment. *Pitts* at 380. An appeal from the March 27, 2018 order dismissing the matter with prejudice is the only final appealable order on the trial court docket.

{¶5} App.R. 3(A) expressly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4.

{¶6} "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." *See* App.R. 4(A)(1). Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal. If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted in the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 163 Ohio App.3d 659, 664, 2005-Ohio-5360.

{¶7} Here, the trial court issued its entry on March 27, 2018. On March 28, 2018, the clerk of courts noted on the appearance docket that copies of that order were

issued by regular mail to the parties. Since service was made on appellant within the three-day period required in Civ.R. 58(B), the thirty-day time period began to run on the date of entry of judgment, i.e. March 27, 2018. The deadline for appellant to file a notice of appeal was April 26, 2018, which was not a holiday or a weekend. Accordingly, appellant's May 1, 2018 notice of appeal was untimely.

{¶8} The time requirement is jurisdictional in nature and may not be enlarged by an appellate court. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988); App.R. 14(B).

{¶9} Based upon the foregoing, this appeal is dismissed for lack of a final appealable order and untimeliness.

{¶10} Appeal dismissed.


CYNTHIA WESTCOTT RICE, J., concurs,

THOMAS R. WRIGHT, P.J., concurs in judgment only.