[Cite as *State ex re.l Jenkins v. Belmont Cty. Common Pleas Court*, 2019-Ohio-206.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE EX REL. JENKINS,

Relator,

v.

BELMONT COUNTY COMMON PLEAS COURT,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No.** 18 BE 0038

---

Writ of Procedendo

**BEFORE:**
Kathleen Bartlett, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
DISMISSED

---

*Albert Jenkins, Pro-se*, A-599-783, P.O. Box 540, Saint Clairsville, Ohio 43950, for Relator.

*Atty. Daniel P. Fry*, Courthouse Annex No. 1, 147-A West Main Street, St. Clairsville, Ohio 43950, for Respondent and

Dated: January 18, 2019

**PER CURIAM.**

{¶1}   This matter is before the Court pursuant to the "WRIT AND MOTION FOR PROCEDENDO" filed by Relator Albert Jenkins against Respondent Belmont County Common Pleas Court requesting we order Respondent to provide him copies of the original papers and transcripts stemming from his criminal conviction in that court. Despite the absence of a response from Respondent to Relator's writ/motion, we sua sponte dismiss Relator's writ/motion.

{¶2}   In 2009, Relator pleaded guilty to three counts of rape of child under the age of thirteen, violations of R.C. 2907.02(A)(1)(b) (first-degree felonies), and one count of complicity to rape of a child under the age of thirteen, a violation of R.C. 2907.02 (A)(1)(b) and R.C. 2923.03 (A)(4) (first-degree felony).   The trial court sentenced Relator to an aggregate eighteen-year term of imprisonment.   A few months later, Relator filed a petition for postconviction relief which the trial court overruled.   Relator did not pursue a timely direct appeal of his conviction and sentence or the denial of his postconviction relief petition.

{¶3}   In 2017, this Court overruled Relator's motion for leave to file a delayed appeal. *State v. Jenkins*, 7th Dist. No. 17 BE 0050 (Dec. 28, 2017 J.E.).  In his present motion/writ, he is asking that we order Respondent to provide him copies of all of the original papers and transcripts leading up to his 2009 conviction and sentence in order for him to pursue a federal habeas corpus action.

{¶4}   Initially, we note Relator's motion is improperly captioned.  An application for a writ of procedendo must be by petition, in the name of the state on the relation of the person applying. *State ex rel. Clay v. Gee*, 138 Ohio St.3d 151, 2014-Ohio-48, 4 N.E.3d 1026, ¶ 1, fn. 1.  Relying on the Ohio Supreme Court's decision in *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 227, 181 N.E.2d 270 (1962), some appellate districts have concluded that a petition for an extraordinary writ may be sua sponte dismissed when it is improperly captioned. *Hill v. Kelly*, 11th Dist. No. 2011-T-0094, 2011-Ohio-6341, ¶ 4; *Turner v. State,* 8th Dist. No. 94292, 2010-Ohio-683, at ¶ 2, citing *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 227, 181

N.E.2d 270 (1962). However, in this instance, we conclude sua sponte dismissal of Relator's motion/writ is warranted for failure to state a claim upon which relief can be granted because it is frivolous or he obviously cannot prevail on the facts alleged in the motion/writ. *State ex rel. Thompson v. Spon,* 83 Ohio St.3d 551, 553, 1998-Ohio-298, 700 N.E.2d 1281.

{¶5} "[P]rocedendo is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not be used in doubtful cases." (Citation omitted.) *Pankey v. Mahoning Cty. Court of Common Pleas*, 7th Dist. No. 13 MA 27, 2013-Ohio-1617, ¶ 2. To be entitled to a writ of procedendo, "a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law." *State ex rel. Miley v. Parrott,* 77 Ohio St.3d 64, 65, 671 N.E.2d 24 (1996).

{¶6} Concerning copies of the original papers and transcripts, the only duty owed to an indigent criminal defendant is that the record and transcript(s) of proceedings, if any, be prepared, assembled by the clerk of courts and forwarded to the court of appeals on direct appeal. *State ex rel. Greene v. Enright*, 63 Ohio St.3d 729, 590 N.E.2d 1257 (1992). Here, Relator chose not to exercise his right to pursue a timely appeal of his conviction and sentence. Therefore, he has waived any right to copies of those original papers and transcripts at state expense. And Respondent is under no duty to provide Relator with copies to pursue a federal habeas corpus action. *Dunning v. Cleary*, 8th Dist. No. 78763, 2001 WL 61077 (Mar. 5, 2008).

{¶7} Accordingly, Relator's complaint for a writ of procedendo is dismissed. Costs taxed against Relator. Final Order. Clerk to serve notice upon the parties as provided by the Civil Rules.

**Bartlett, J., concurs.**

**Donofrio, J., concurs.**

**Robb, J., concurs.**

Case No. 18 BE 0038