[Cite as *State ex rel. Long v. Culotta*, 2019-Ohio-2515.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. STACEY R. LONG, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | **CASE NO. 2019-L-039** |
| | : | |
| - vs - | : | |
| | : | |
| VINCENT A. CULOTTA, JUDGE, | : | |
| | : | |
| Respondent. | | |

Original Action for Writ of Procedendo.

Judgment: Petition dismissed.

*Stacey R. Long*, pro se, PID: A644-513, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Relator).

*Charles E. Coulson*, Lake County Prosecutor, and *Michael L. DeLeone*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondent).

PER CURIAM.

{¶1} Respondent, Vincent A. Culotta, Judge of the Lake County Court of Common Pleas, moves to dismiss relator, Stacey R. Long's, petition for a writ of procedendo as moot. Relator has not responded. For the reasons that follow, the petition is dismissed as moot.

{¶2} Under his sole claim, relator seeks a writ compelling respondent to render a decision on relator's "motion for leave to file delayed motion for new trial" in an

underlying criminal case. Shortly after requesting the writ, respondent issued a judgment disposing of the motion and ruling upon all other pending motions. A certified copy of the judgment entry and docket reflecting the judgment is before this court.

{¶3} A writ of procedendo is an order from a court of superior jurisdiction to a court of inferior jurisdiction to proceed to judgment. *State ex rel. Utley v. Abruzzo*, 17 Ohio St.3d 203, 204 (1985). A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall*, *Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 184 (1995).

{¶4} "[P]rocedendo will not issue to compel the performance of a duty that has already been performed." *State ex rel. Clay v. Gee*, 138 Ohio St.3d 151, 2014-Ohio-48, ¶5; *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318 (2000). We further note that the writ "does not in any case attempt to control the inferior court as to what that judgment should be." *State ex rel. Davey v. Owen*, 133 Ohio St. 96, 106 (1937); *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 106 (1994) (procedendo "never attempts to control how the inferior court rules").

{¶5} "Mootness is a basis for dismissing a procedendo petition." *State ex rel. Lusane v. Pittman*, 11th Dist. Portage No. 2015-P-0085, 2016-Ohio-3236, ¶4. Moreover, a motion to dismiss may be supported with certified judgments. *See State ex rel. Davies v. Schroeder*, 11th Dist. Ashtabula No. 2013-A-0059, 2014-Ohio-973, ¶6-8; *Davis v. Burt*, 11th Dist. Geauga No. 2011-G-3009, 2011-Ohio-5340, ¶5-8.

{¶6} There is no dispute that respondent has issued a judgment that fully disposes of relator's motion. As a writ of procedendo cannot be used to control the

2

substance of a judge's decision, the merits of relator's procedendo petition are moot in all respects.

{¶7}    In the present case, respondent ruled on relator's October 19, 2018 "motion for leave to file delayed motion for new trial" after the filing of this original action.

{¶8}    As respondent has performed the judicial act that relator sought to compel, the petition is moot.

{¶9}    Respondent's motion to dismiss is granted.

{¶10}   Relator's petition is dismissed as moot.


CYNTHIA WESTCOTT RICE, J., TIMOTHY P. CANNON, J., MARY JANE TRAPP, J., concur.