[Cite as *State ex rel. Allenbaugh v. Sezon*, 2020-Ohio-991.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. MARK H. ALLENBAUGH, et al. | : | **PER CURIAM OPINION** |
| | : | |
| Relators, | : | **CASE NO. 2020-A-0004** |
| - vs - | : | |
| JUDGE MARIANNE SEZON, | : | |
| Respondent. | : | |

Original Action for Writ of Procedendo

Judgment: Complaint dismissed.

*Robert S. Wynn*, 7 Lawyers Row, P.O. Box 121, Jefferson, OH 44047 (For Relators).

*Cecilia M. Cooper*, Ashtabula County Prosecutor, and *Rebecca K. Divoky*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Respondent).

PER CURIAM.

{¶1} Relators, Mark H. and Jacqueline B. Allenbaugh (collectively, the "Allenbaughs"), filed a complaint for a writ of procedendo against respondent, Judge Marianne Sezon ("Judge Sezon"), requesting that this court issue a writ of procedendo ordering Judge Sezon to rule on several pending motions filed in the Ashtabula County Court of Common Pleas, case no. 2019-CV-401, involving a civil matter in which the Allenbaughs are defendants and counter-claimants.

{¶2} Judge Sezon filed a motion to dismiss pursuant to Civ.R. 12(B)(6), stating that she ruled on these pending motions on January 27, 2020. A copy of a judgment entry was attached to Judge Sezon's motion to dismiss. The Allenbaughs have not filed a response to Judge Sezon's motion to dismiss.

{¶3} A writ of procedendo is an order from a court of superior jurisdiction to a court of inferior jurisdiction to proceed to judgment. *State ex rel. Utley v. Abruzzo*, 17 Ohio St.3d 203, 204 (1985). To be entitled to a writ of procedendo, the Allenbaughs must establish (1) a clear legal right to require the court to proceed, (2) a clear legal duty on the part of the court to proceed, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex. Rel. Sherrills v. Court of Common Pleas of Cuyahoga Cty.*, 72 Ohio St.3d 461, 462 (1995). A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 184 (1995). Procedendo will not compel the performance of a duty that has already been performed. *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318 (2000).

{¶4} We note that "although it would usually be inappropriate to consider evidentiary materials in ruling on a motion to dismiss under Civ.R. 12(B)(6), such materials can be reviewed when the basis of the dismissal motion is mootness." *Penko v. Mitrovich*, 11th Dist. Lake No. 2003-L-191, 2004-Ohio-6326, ¶5. Although generally the best method of establishing the existence of such a judgment entry is through the submission of a certified copy of the entry, this court has held that a finding of mootness can be made in an original action when the relator does not contest the respondent's

contention.  *State ex rel. Davies v. Schroeder*, 11th Dist. Ashtabula No. 2013-A-0059, 2014-Ohio-973, ¶6.

{¶5}   While the copy of the judgment entry attached to Judge Sezon's motion to dismiss was not certified, Judge Sezon has indicated that she has ruled on the pending motions, and the Allenbaughs have not contested Judge Sezon's contention.  Thus, the Allenbaughs' complaint is moot.

{¶6}   For the foregoing reasons, Judge Sezon's motion to dismiss is granted, and the Allenbaughs' complaint for a writ of procedendo is dismissed as moot.

TIMOTHY P. CANNON, P.J., CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur.