[Cite as *State ex rel. Tenney v. Rice*, 2024-Ohio-1116.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel. MICHAEL TENNEY, | CASE NO. 2024-T-0015 |
| Relator, | Original Action for Procedendo |
| - vs - | |
| THE HONORABLE JUDGE RONALD RICE, | |
| Respondent. | |

**P E R   C U R I A M**
**O P I N I O N**

Decided: March 25, 2024
Judgment: Complaint dismissed

*Michael Tenney*, pro se, PID# A704-630, Trumbull Correctional Institution, 5701 Burnett Street, P.O. Box 901, Leavittsburg, OH 44430 (Relator).

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Respondent).

PER CURIAM.

{¶1} Pending before this Court are the following: Relator, Michael Tenney's, Motion Compelling an Issuance of a Valid Control Number filed on February 20, 2024; Respondent, the Honorable Ronald J. Rice's, Motion to Dismiss Relator's Motion for Writ of Procedendo filed on February 22, 2024; and Tenney's Motion Compelling a Sua Sponte Dismissal/Vacate of Appeal in Regards to 2018-T-0019 filed on February 23, 2024.

{¶2} Tenney's Complaint for Writ of Procedendo asks this Court to order Judge Rice to rule on a pending Motion for Final Appealable Order, filed November 8, 2023, in a case pending before him, *State v. Tenney*, Trumbull County Court of Common Pleas No. 2017-CR-159.

{¶3} As grounds for dismissal, Judge Rice argues that the Motion for Final Appealable Order was ruled upon and denied on February 21, 2024. "An action in procedendo becomes moot when the court performs the duty requested." *State ex rel. Roberts v. Hatheway*, 166 Ohio St.3d 531, 2021-Ohio-4097, 188 N.E.3d 150, ¶ 5.

{¶4} In opposition to dismissal, Tenney argues that this matter is not moot inasmuch as a final order has never been entered in *State v. Tenney*, Trumbull County Court of Common Pleas No. 2017-CR-159. Tenney requests this Court to vacate its decision in *State v. Tenney*, 11th Dist. Trumbull No. 2018-T-0019, 2019-Ohio-927, and issue an order "to compel Respondent to issue a sentencing entry that complies with Crim.R. 32(C) and constitutes a final appealable order."

{¶5} "A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed in proceeding to judgment." *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 532, 705 N.E.2d 1227 (1999). The Supreme Court of Ohio has recognized that a defendant "has a substantial right to a judgment of conviction that satisfies the requirements of Crim.R. 32" and that the denial of a motion for an entry that complies with Crim.R. 32 affects that substantial right. *State ex rel. Daniels v. Russo*, 156 Ohio St.3d 143, 2018-Ohio-5194, 123 N.E.3d 1011, ¶ 11. However, procedendo is not the appropriate means of vindicating that right when there exists a plain and adequate remedy in the ordinary course of law.

2

**{¶6}** In the present case, Judge Rice has performed the action requested in the Complaint by ruling on Tenney's Motion for Final Appealable Order. "[P]rocedendo will not issue to compel the performance of a duty that has already been performed." *State ex rel. Clay v. Gee*, 138 Ohio St.3d 151, 2014-Ohio-48, 4 N.E.3d 1026, ¶ 5. To the extent that Tenney disagrees with that ruling, or this Court's ruling in *Tenney*, 11th Dist. Trumbull No. 2018-T-0019, the remedy of appeal is available. *Hatheway* at ¶ 7 ("[t]o the extent Roberts attempts to use his petition [for procedendo] to argue the merits of his underlying jurisdictional motion, he has an adequate remedy by way of appeal to address any alleged error in the trial court's ruling on that motion"); *Daniels* at ¶ 12 ("because Daniels could have appealed the denial of his motion, he cannot satisfy the elements necessary for relief in * * * procedendo").

**{¶7}** Accordingly, Judge Rice's Motion to Dismiss is granted and the Complaint for Writ of Procedendo is, hereby, dismissed. All other pending motions are overruled as moot.

EUGENE A. LUCCI, P.J., MATT LYNCH, J., ROBERT J. PATTON, J., concur.

3