[Cite as *In re Estate of Sassya*, 2024-Ohio-1347.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

IN THE MATTER OF:

ESTATE OF HANNA SASSYA
a.k.a. HANNA LEBY HANNA
BOULOS SASSYA, DECEASED

CASE NO. 2024-T-0017

Civil Appeal from the
Court of Common Pleas,
Probate Division

Trial Court No. 2022 EST 0180

## M E M O R A N D U M
## O P I N I O N

Decided: April 9, 2024
Judgment: Appeal dismissed

*Carol Lynne Morgan*, pro se, 878 Indianola Road, Boardman, OH 44512, and *Leby Sassya*, pro se, 1463 Stanley Street, S.E., Girard, OH 44420 (Appellants).

*Paul B. Ricard*, Pelini, Campbell & Ricard, LLC, Bretton Commons, Suite 400, 8040 Cleveland Avenue, N.W., North Canton, OH 44720 (For Appellee, Protective Life Insurance Company).

MARY JANE TRAPP, J.

{¶1} An appeal was filed on February 9, 2024. In February of 2022, an application for authority to administer the estate of Hanna Sassya ("the Estate") was filed in the Trumbull County Court of Common Pleas, Probate Division. A motion to compel, appellee, Protective Life Insurance Company, to release the annuity funds to the Estate was filed. On October 18, 2023, the magistrate issued a report and decision denying the motion to compel. On the same date, the trial court issued a judgment entry denying the motion to compel appellee to release the annuity funds to the Estate. Objections to the

Magistrate's Report and Decision were filed, and on December 1, 2023, the trial court denied the objections. Appellants filed a motion requesting the trial court to reconsider its December 1, 2023 entry. In a January 9, 2024 judgment entry, the trial court denied the motion for reconsideration.

{¶2} The notice of appeal indicates that the October 18, 2023, December 1, 2023, and January 9, 2024 judgment entries are being appealed. The October 18, 2023 entry issued by the trial court adopted the magistrate's decision and denied the motion to compel appellee to release funds to the Estate. No timely appeal was filed from that entry. The parties filed objections, which were denied in the December 1, 2023 entry. No timely appeal was taken from that entry either. Instead, a request for reconsideration was filed on December 18, 2023.

{¶3} A motion for reconsideration is not recognized under the Ohio Rules of Civil Procedure, and thus, any judgment on this type of motion is a nullity and cannot be appealed. *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 381 (1981); *see also Andolsek v. Polstein*, 11th Dist. Lake No. 2018-L-054, 2018-Ohio-3626, at ¶ 3. Therefore, the trial court's January 9, 2024 judgment entry denying the motion for reconsideration is a nullity and cannot be reviewed on appeal.

{¶4} Further, the filing of a motion for reconsideration does not extend the time for filing an appeal from a final judgment. *Pitts* at 380. An appeal from the December 1, 2023 entry denying the objections to the magistrate's decision appears to be the only final appealable order on the trial court docket.

{¶5} App.R. 3(A) expressly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4. The Supreme Court has

2

held that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶6} "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." *See* App.R. 4(A)(1). Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal. If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted in the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 163 Ohio App.3d 659, 664, 2005-Ohio-5360.

{¶7} In this case, the trial court issued its entry on December 1, 2023. The clerk of courts noted on the appearance docket that notice of the entry under Civ.R. 58(B) was issued to the parties on that same date. Therefore, pursuant Civ.R. 58(B), the time to appeal began to run from December 1, 2023. The deadline for the filing of the notice of appeal was January 2, 2024, which was not a holiday or a weekend. Thus, the February 9, 2024 notice of appeal was untimely filed by 38 days.

{¶8} This court is not empowered to extend the time deadline in civil cases. *Pendell*, *supra* at 60; *see also* App.R. 14(B).

{¶9} Based upon the foregoing, this appeal is dismissed for lack of a final appealable order and untimeliness.

EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.

3

Case No. 2024-T-0017