[Cite as *State ex rel. Weir v. Camplese*, 2025-Ohio-1017.]

# IN THE COURT OF APPEALS OF OHIO
# ELEVENTH APPELLATE DISTRICT
# ASHTABULA COUNTY

STATE OF OHIO ex rel.
KEVIN A. WEIR,

Relator,

- vs -

ASHTABULA COUNTY COMMON
PLEAS COURT, JUVENILE DIVISION,
JUDGE ALBERT S. CAMPLESE,

Respondent.

CASE NO. 2024-A-0100

Original Action for
Writ of Procedendo

**P E R  C U R I A M**
**O P I N I O N**

Decided: March 24, 2025
Judgment: Petition dismissed

*Kevin A. Weir*, pro se, PID# A691-188, Belmont Correctional Institution, 68518 Bannock Road, P.O. Box 540, St. Clairsville, OH 43950 (Relator).

*Albert S. Camplese*, Judge, pro se, 4717 Main Avenue, Ashtabula, OH 44004 (Respondent).

PER CURIAM.

{¶1}  This matter is before the Court on a petition for writ of procedendo filed by relator, Kevin A. Weir ("Weir") on November 27, 2024.  Weir has filed against respondent, Honorable Albert S. Camplese ("Judge Camplese") of the Ashtabula County Court of Common Pleas, Juvenile Division. Weir is seeking an order requiring Judge Camplese to proceed on his motion for reconsideration/motion for new trial allegedly filed in Case No. 14JI225.

{¶2} This Court issued an alternative writ on December 11, 2024. In accordance with the alternative writ, Judge Camplese filed a motion to dismiss the petition on January 10, 2025. Judge Camplese asserts that there is no record of the motion for reconsideration/motion for new trial being filed in the lower court. Weir filed a response to the motion to dismiss on February 3, 2025.

{¶3} "A writ of procedendo is a civil judgment in which a court of superior jurisdiction orders a court of inferior jurisdiction to proceed to judgment." *Kimble v. McKay*, 2012-Ohio-2707, ¶ 5 (11th Dist.), citing *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 45 (1990).

{¶4} When a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment, a writ of procedendo is appropriate. *Id.* at ¶ 6, citing *State ex rel. McKinney v. McKay,* 2011-Ohio-3756, ¶ 17 (11th Dist.). "[T]o be entitled to a writ of procedendo, a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law." *Id.* citing *McKinney* at ¶ 17.

{¶5} Weir has failed to caption his petition correctly. An application for a writ of procedendo must be by petition, in the name of the state on the relation of the person applying. *State ex rel. Jenkins v. Belmont Cnty. Common Pleas Court*, 2019-Ohio-206 (7th Dist.), citing *State ex rel. Clay v. Gee*, 2014-Ohio-48. *See also, Brody v. Lucci*, 2012-Ohio-1132, ¶ 21 (11th Dist). While Judge Camplese has filed a motion to dismiss on other grounds, he does not raise this error. "We note that a court *may* dismiss a petition for an extraordinary writ, sua sponte, when the petition is improperly captioned." (Emphasis

2

added.) *Brody* at ¶ 21, citing *Hill v. Kelly,* 2011-Ohio-6341, ¶ 4 (11th Dist.). See also, *Shoop v. State*, 2015-Ohio-2068, ¶ 10.

{¶6} However, the failure to bring an action for a writ of procedendo in the name of the state on the relation of the person applying for the writ is not a jurisdictional defect. Thus, we sua sponte correct the caption and address the merits of the petition. *See Salemi v. Cleveland Metroparks*, 2016-Ohio-1192, ¶13 (finding miscaptioning a waivable defense and noting that it is "common practice when parties fail to raise the issue simply to correct the error before publication").

{¶7} Weir asserts in his petition that his motion for telephone visitation was denied by the trial court on June 27, 2023. A time-stamped copy of the motion is attached to his response in opposition to the motion to dismiss filed by Judge Camplese. Weir alleges that he sent a motion for reconsideration/new trial on July 25, 2023, and that the trial court has failed to rule on his motion. While Weir attached a copy of a motion, it is not time-stamped as filed. Judge Camplese avers that Weir's motion for reconsideration/new trial does not appear in the lower court record. Indeed, the record before this Court does not demonstrate that Weir's motion for reconsideration was filed in the court below.

{¶8} Judge Camplese also argues that a motion for reconsideration is no substitute for appeal and that the motion, if filed, is a nullity. "A motion for reconsideration is not recognized under the Ohio Rules of Civil Procedure, and thus, any judgment on this type of motion is a nullity and cannot be appealed." *Matter of Estate of Sassya*, 2024-Ohio-1347, ¶ 3 (11th Dist.), citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 381 (1981); *see also Andolsek v. Polstein*, 2018-Ohio-3626, ¶ 3 (11th Dist.).

3

{¶9} The trial court denied Weir's motion for telephone visitation on June 27, 2023. Weir has an adequate remedy at law by virtue of appeal from the denial of his motion for visitation. Further, there is no evidence before this Court that a motion for reconsideration/motion for new trial was filed in the trial court. As such, Weir is not entitled to a writ of procedendo.

{¶10} Based on the foregoing, the petition is dismissed.

ROBERT J. PATTON, P.J., MATT LYNCH, J., JOHN J. EKLUND, J., concur.

4