THE STATE EX REL. HOWARD, APPELLANT, *v.* SKOW, JUDGE, APPELLEE.

[Cite as *State ex rel. Howard v. Skow,*
102 Ohio St.3d 423, 2004-Ohio-3652.]

(No. 2004-0529—Submitted June 29, 2004—Decided July 28, 2004.)

**Per Curiam.**

{¶ 1} In February 2004, appellant, Gregory T. Howard, filed a complaint for a writ of procedendo in the Court of Appeals for Lucas County against appellee, Lucas County Court of Common Pleas Judge William J. Skow. Howard requested the writ to compel Judge Skow to proceed to judgment on various motions filed by Howard in a common pleas court case. Howard further requested a writ of mandamus compelling Judge Skow to order the Industrial Commission of Ohio and the Bureau of Workers' Compensation to vacate their previous orders and find in favor of Howard on his workers' compensation claims because of alleged misconduct by opposing counsel in the common pleas court case.

{¶ 2} On February 18, 2004, the court of appeals denied Howard's request for a writ of mandamus ordering the commission and the bureau to vacate previously issued orders. On Howard's remaining claim, the court of appeals issued an alternative writ and ordered that Judge Skow "within 14 days of the date he is served with this alternative writ, either do the act requested by relator in his petition or show cause why he does not do so by filing an answer or a motion to dismiss [Howard's] petition." Judge Skow was served with the alternative writ on February 19.

{¶ 3} On March 3, 2004, Judge Skow entered a judgment dismissing Howard's common pleas court case and denying all of Howard's pending motions. Judge Skow filed the judgment entry in the court of appeals on March 9. On March 4, 2004, Howard requested that the court of appeals issue a peremptory writ based on his claim that Judge Skow had not acted on his pending motions in his

common pleas court case or responded to his writ action within the period specified by the court of appeals.

{¶ 4} On March 16, 2004, the court of appeals denied the writ on the basis that Judge Skow's March 3 judgment satisfied the alternative writ.

{¶ 5} In his sole proposition of law, Howard asserts that the court of appeals abused its discretion by not granting a peremptory writ of mandamus, because Judge Skow did not file his March 3, 2004 judgment in the court of appeals until March 9, which exceeded the 14–day answer period set forth in the alternative writ. Howard claims that the court of appeals thus violated R.C. 2731.10, which provides, "If no answer is made to an alternative writ of mandamus, a peremptory mandamus must be allowed against the defendant." See, e.g., *State ex rel. Papp v. Norton* (1993), 66 Ohio St.3d 162, 610 N.E.2d 979.

{¶ 6} For the following reasons, we affirm the judgment of the court of appeals.

{¶ 7} First, although the court of appeals cited R.C. 2731.10 in its alternative writ, an analysis of the writ and Howard's complaint establishes that Howard's mandamus claim—tied to his allegations of ethical misconduct by opposing counsel in his common pleas court case—had been dismissed and was not the subject of the alternative writ. The alternative writ instead issued solely on Howard's procedendo claim—to compel Judge Skow to rule on his pending motions in the common pleas court case. Because R.C. 2731.10 applies only to mandamus actions, it did not govern Howard's remaining procedendo claim or the alternative writ that the court issued on that claim.

{¶ 8} Second, in its alternative writ, the court of appeals afforded Judge Skow the option of ruling on Howard's motions within the specified 14–day period. Judge Skow complied with the court's alternative writ by ruling on the motions on March 3.

{¶ 9} Finally, in determining actions involving extraordinary writs, a court is not limited to considering the facts and circumstances at the time that the writ was requested but can consider the facts and conditions at the time that entitlement to the writ is considered. See, e.g., *State ex rel. Wilson v. Sunderland* (2000), 87 Ohio St.3d 548, 549, 721 N.E.2d 1055. The court of appeals correctly considered Judge Skow's performance of the requested acts, which rendered Howard's procedendo claim moot. *State ex rel. Grove v. Nadel* (1998), 84 Ohio St.3d 252, 253, 703 N.E.2d 304 (a writ of procedendo will not issue to compel the performance of a duty that has already been performed).

{¶ 10} Therefore, because the court of appeals correctly denied the requested relief, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

Gregory T. Howard, pro se.

Julia R. Bates, Lucas County Prosecuting Attorney, and John A. Borell, Assistant Prosecuting Attorney, for appellee.