[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Doe v. Gallia Cty. Common Pleas Court,* Slip Opinion No. 2018-Ohio-2168.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-2168

THE STATE EX REL. DOE *v.* GALLIA CTY. COMMON PLEAS COURT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Doe v. Gallia Cty. Common Pleas Court,* Slip Opinion No. 2018-Ohio-2168.]**

*Mandamus—Procedendo—R.C. 2953.52(A)(1)—Sealing of official records— Request for writ of mandamus sua sponte converted to request for writ of procedendo—Writ of procedendo granted.*

(No. 2017-1673—Submitted January 23, 2018—Decided June 7, 2018.)

IN MANDAMUS AND PROCEDENDO.

_____

**Per Curiam.**

**{¶ 1}** On November 30, 2017, relator, John Doe, filed a complaint for a writ of mandamus to compel respondent, Gallia County Common Pleas Court ("common pleas court"), to enforce its 2013 order sealing the record in a criminal case against Doe in accordance with R.C. 2953.52 and to rule on his 2017 motion to reseal the record. The common pleas court has filed a motion to dismiss Doe's

complaint. For the reasons that follow, we deny the common pleas court's motion to dismiss, sua sponte convert Doe's complaint to a request for a writ of procedendo (the appropriate writ to compel the relief he seeks), and grant a writ.

**Background**

{¶ 2} A jury convicted Doe of three fifth-degree felonies and found him not guilty of several other charged offenses. In 2012, the Fourth District Court of Appeals vacated Doe's convictions and remanded his case to the common pleas court, where the charges were dismissed with prejudice.

{¶ 3} Doe filed an application in the trial court to seal his official records in the case pursuant to R.C. 2953.52(A)(1), under which "[a]ny person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information may apply to the court for an order to seal the person's official records in the case." Former common pleas court judge D. Dean Evans found that

> (1) the applicant was found NOT GUILTY of Counts 3, 5, and 6 of the Indictment, * * * the remaining Counts were vacated on appeal, and then, upon application of the parties, DISMISSED with prejudice, (2) there is no criminal proceeding pending against the applicant, (3) the application was filed in a timely manner, and (4) the interest[s] of the applicant are not outweighed by any legitimate governmental need to maintain such records.

(Capitalization sic.) Because these findings met the criteria set forth in R.C. 2953.52(B), Judge Evans entered an order sealing the records of Doe's case pursuant to R.C. 2953.52(B)(4)'s mandate that if the statutory criteria are met, "*the court shall* issue an order directing that all official records pertaining to the case be

sealed and that, except as provided in [R.C. 2953.53], the proceedings in the case be deemed not to have occurred." (Emphasis added.)

{¶ 4} Doe alleges that after this order was issued, the trial-court and appellate-court records were sealed; however, the appellate court's opinion was still available on court websites. Doe alleges that he filed a motion in the court of appeals that somehow resulted in the court of appeals making his appellate records public again. It is unclear on this record why the court of appeals, which has the general responsibility to control its own records, did not grant Doe relief.

{¶ 5} In 2017, Doe filed an emergency motion in the common pleas court for an order resealing his records. According to Doe, Judge Margaret Evans[1] held a conference call with Doe, his counsel, and counsel for the state in July 2017, during which the state "agreed that the records should be sealed." Doe alleges that since the conference call, Judge Evans has neither taken action to enforce her predecessor's 2013 order to seal nor ruled on his motion to reseal.

{¶ 6} On November 30, 2017, Doe filed, under seal, his complaint for a writ of mandamus. On December 6, 2017, outside counsel for the common pleas court filed a notice of appearance, which prompted Doe to file a motion to disqualify outside counsel. On December 22, 2017, the common pleas court filed a motion to dismiss, which Doe opposed. The same day, the common pleas court filed its memorandum in opposition to Doe's motion to disqualify.

## Analysis

### *Motion to dismiss*

{¶ 7} The common pleas court moved to dismiss Doe's complaint on the ground that it fails to state a claim for which relief can be granted. Dismissal is required if it appears beyond doubt, after presuming the truth of all material factual allegations in the complaint and making all reasonable inferences in Doe's favor,

---

[1] In November 2016, Judge Margaret Evans was elected to replace former Judge D. Dean Evans.

that he is not entitled to the requested extraordinary relief. *State ex rel. Bates v. Court of Appeals for the Sixth Appellate Dist.*, 130 Ohio St.3d 326, 2011-Ohio-5456, 958 N.E.2d 162, ¶ 8.

{¶ 8} The common pleas court first contends that Doe's complaint should be dismissed because he failed to caption his complaint "in the name of the state on the relation of the person applying," in compliance with R.C. 2731.04. But we recently held that "the requirements of that statute are not jurisdictional," noting a number of cases that were not dismissed for the relator's failure to caption his or her complaint in the name of the state. *Salemi v. Cleveland Metroparks*, 145 Ohio St.3d 408, 2016-Ohio-1192, 49 N.E.3d 1296, ¶ 15. Moreover, Doe has requested leave to amend the case caption, which we grant.

{¶ 9} The common pleas court next argues that Doe is not entitled to relief because he has an adequate remedy in the ordinary course of the law, the lack of which is required for Doe to receive extraordinary relief, *e.g.*, *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, 21 N.E.3d 303, ¶ 9-10.

{¶ 10} The common pleas court asserts that "the sealing statute itself" provides Doe with an adequate remedy in the ordinary course of the law. Under that statute, an order to seal "applies to every public office or agency that has a record of the case that is the subject of the order." R.C. 2953.53(C). The statute provides that "[t]he court * * * shall send notice of any order issued pursuant to [R.C. 2953.52(B)(4)] to any public office or agency that the court knows or has reason to believe may have any record of the case, whether or not it is an official record, that is subject to the order," R.C. 2953.53(A)(1), and "[a] person whose official records have been sealed pursuant to an order issued pursuant to [R.C. 2953.52] may present a copy of that order and a written request to comply with it, to a public office or agency that has a record of the case that is the subject of the order," R.C. 2953.53(B).

4

**{¶ 11}** Upon receipt of a sealing order or "upon otherwise becoming aware of an applicable order to seal official records * * * a public office or agency *shall* comply with the order." (Emphasis added.) R.C. 2953.53(D). However, the public office or agency "may maintain a record of the case that is the subject of the order if the record is maintained for the purpose of compiling statistical data only and does not contain any reference to the person who is the subject of the case and the order." *Id.*

**{¶ 12}** An adequate remedy in the ordinary course of the law " 'includes equitable as well as legal remedies; and where there is an adequate equitable remedy, mandamus will not lie.' " *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 168, 228 N.E.2d 631 (1967), quoting 35 Ohio Jurisprudence 2d, Mandamus, Section 31, at 278. "The alternative must be complete, beneficial, and speedy in order to constitute an adequate remedy at law." *State ex rel. Ullmann v. Hayes*, 103 Ohio St.3d 405, 2004-Ohio-5469, 816 N.E.2d 245, ¶ 8. While R.C. 2953.53(B) provides the person whose case is subject to a sealing order the right to notify any public office, it is not a legal or equitable remedy, as the common pleas court contends, and is therefore not an adequate remedy that will preclude the issuance of an extraordinary writ.

**{¶ 13}** The common pleas court also submits that Doe has an adequate remedy through petitioning the common pleas court to enforce its own order. Indeed, Doe's complaint alleges that he recently filed in the common pleas court an "[e]mergency [m]otion * * * seeking to Order the records re-sealed." However, the gist of Doe's complaint is that the common pleas court has not taken any action in regard to his emergency motion to reseal.

**{¶ 14}** We conclude that procedendo, not mandamus, is the appropriate writ to achieve the result Doe seeks. " 'A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment.' " *State ex rel. R.W. Sidley, Inc. v. Crawford*, 100 Ohio

St.3d 113, 2003-Ohio-5101, 796 N.E.2d 929, ¶ 16, *quoting State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 532, 705 N.E.2d 1227 (1999). "Although mandamus will lie in cases of a court's undue delay in entering judgment, procedendo is more appropriate, since '[a]n inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35, 656 N.E.2d 332 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110, 637 N.E.2d 319 (1994).

{¶ 15} Although Doe's complaint seeks a writ of mandamus, we use our plenary authority to sua sponte convert his request to one for a writ of procedendo. *See State ex rel. Dispatch Printing Co. v. Louden*, 91 Ohio St.3d 61, 66, 741 N.E.2d 517 (2001). As in *Louden*, the common pleas court has not asserted that the complaint should be dismissed "because it was improperly styled," *id*.

{¶ 16} A writ of procedendo is appropriate when the petitioner has "a clear legal right to require the trial court to proceed," there is "a clear legal duty on the part of the trial court to proceed," and there is no adequate remedy in the ordinary course of the law. *Ward*, 141 Ohio St.3d 50, 21 N.E.3d 303, 2014-Ohio-4512, at ¶ 9. Here, Doe alleges that he filed a motion to reseal in 2017 and that the common pleas court has not ruled on that motion, despite the state's assurance in a telephone conference with the common pleas court in July 2017 that it does not object to the motion. While that does not mean that the motion must be granted, Doe has a clear legal right to have the motion ruled on, and the common pleas court has a clear legal duty to rule on it. We have already determined that Doe lacks an adequate remedy in the ordinary course of the law.

{¶ 17} We do not know the current status of Doe's motion to reseal. But the common pleas court has not asserted in any of its filings in this court that it has ruled on the motion. We therefore deny the common pleas court's motion to dismiss Doe's complaint, and we issue a writ of procedendo ordering the common pleas court—if it has not already done so—to rule on Doe's motion to reseal, and

to serve on the Fourth District Court of Appeals a copy of its ruling on that motion and a copy of its 2013 order sealing the record.

*Motion to seal*

**{¶ 18}** Our Rules of Practice provide that documents filed in this court "shall be available for public access pursuant to Sup.R. 44 through 47. A document that has been sealed pursuant to a court order * * * or is the subject of a motion to seal pending in the Supreme Court, shall remain under seal and not be made available for public access unless ordered by the Supreme Court." S.Ct.Prac.R. 3.02(A)(1)(b). Doe attached to his complaint a redacted copy of the common pleas court's 2013 order to seal his records. The common pleas court does not challenge the validity of the 2013 order to seal. Doe asserts that the pleadings filed in this court in this original action should not be publicly available and should be sealed, and the common pleas court does not oppose Doe's motion. We order that the pleadings filed in this original action be sealed.

*Motion to disqualify respondent's counsel*

**{¶ 19}** Doe asks that this court disqualify the common pleas court's counsel on the basis of R.C. 309.09(A), which states:

> The prosecuting attorney shall be the legal adviser of the board of county commissioners, board of elections, all other county officers and boards, and all tax-supported public libraries * * *. The prosecuting attorney shall prosecute and defend all suits and actions that any such officer, board, or tax-supported public library directs or to which it is a party, and no county officer may employ any other counsel or attorney at the expense of the county, except as provided in [R.C. 305.14].

If there is a conflict between the prosecutor and the county officer or board that the prosecutor must represent, R.C. 305.14(A) provides the process by which private counsel may be employed.

{¶ 20} Because we grant Doe a writ of procedendo, we deny as moot his request to disqualify the common pleas court's counsel.

### Conclusion

{¶ 21} We deny the common pleas court's motion to dismiss, grant Doe's motion to amend the case caption, and sua sponte convert Doe's request for a writ of mandamus to a request for a writ of procedendo. We grant a writ of procedendo ordering the common pleas court—if it has not already done so—to rule on Doe's motion to reseal, and to serve on the Fourth District Court of Appeals a copy of its ruling on that motion and a copy of its 2013 order sealing the record. We grant Doe's motion to seal the pleadings filed in this original action. And we deny as moot Doe's motion to disqualify counsel.

Motion to dismiss denied

and writ of procedendo granted.

O'CONNOR, C.J., and FRENCH and FISCHER, JJ., concur.

O'DONNELL, J., concurs in part and dissents in part, with an opinion.

KENNEDY, J., dissents, with an opinion.

DEWINE and DEGENARO, JJ., not participating.

_____

**O'DONNELL, J., concurring in part and dissenting in part.**

{¶ 22} I dissent from the lead opinion's decision to sua sponte convert Doe's request for a writ of mandamus to a request for a writ of procedendo, as that is not a practice undertaken by this court on behalf of litigants. I would grant a writ of mandamus pursuant to R.C. 2953.52(B)(4) ordering the Gallia County Common Pleas Court to rule on Doe's motion to reseal if it has not yet done so and to serve a copy of its ruling on the Fourth District Court of Appeals. The law of the case

has already been established and the predecessor judge made the requisite findings necessary to satisfy the statute requiring that the record be sealed.

{¶ 23} Therefore, in accordance with the statute, the common pleas court "shall issue an order directing that all official records pertaining to the case be sealed and that * * * the proceedings in the case be deemed not to have occurred." I concur in the lead opinion in all other respects.

_____

**KENNEDY, J., dissenting.**

{¶ 24} Because the lead opinion in this case grants a peremptory writ of procedendo without first allowing respondent, Gallia County Court of Common Pleas, to answer the complaint, I dissent.

{¶ 25} Before a writ of procedendo may issue, the relator is required to demonstrate a clear legal right to have the respondent proceed. *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270, ¶ 13. However, relator, John Doe, never sought that writ, and as the lead opinion admits, "[w]e do not know the current status of Doe's motion to reseal." Lead opinion at ¶ 17. By itself, this factual question precludes us from issuing a peremptory writ of procedendo, which is appropriate only "if the pertinent facts are uncontroverted and it appears beyond doubt that [the relator] is entitled to the requested writ." *State ex rel. Rodak v. Betleski*, 104 Ohio St.3d 345, 2004-Ohio-6567, 819 N.E.2d 703, ¶ 12.

{¶ 26} The lead opinion also points out that the common pleas court "has not asserted in any of its filings in this court that it has ruled on the motion." Lead opinion at ¶ 17. That is irrelevant, because the common pleas court had no duty to controvert the allegations of the complaint in filing a motion to dismiss.

{¶ 27} S.Ct.Prac.R. 12.04 permits a respondent to file an answer to a complaint or a motion to dismiss the complaint. Although the Rules of Practice do not provide the consequence of filing one or the other, S.Ct.Prac.R. 12.01(A)(2)(b) states that "[t]he Ohio Rules of Civil Procedure shall supplement these rules unless

clearly inapplicable." And pursuant to the Civil Rules, the filing of a motion to dismiss simply delays the deadline for the filing of an answer until after the court denies the motion. Civ.R. 12(A)(2) and (B); *State ex rel. Yeagley v. Harden*, 68 Ohio St.3d 136, 137, 624 N.E.2d 702 (1993).

{¶ 28} The respondent's duty to admit or deny the allegations of the complaint in an answer therefore does not arise until the court denies the motion to dismiss. Civ.R. 8(D); *Yeagley* at 137. This is why we presume the truth of all material factual allegations of the complaint when we review a motion to dismiss a procedendo action, *see Rodak*, 104 Ohio St.3d 345, 2004-Ohio-6567, 819 N.E.2d 703, at ¶ 10.

{¶ 29} For these reasons, a court generally may not grant a peremptory writ before an answer admitting or denying the material facts has been filed. *State ex rel. Conley v. Park*, 146 Ohio St.3d 454, 2015-Ohio-5226, 58 N.E.3d 1112, ¶ 9-10; *State ex rel. Beacon Journal Publishing Co. v. Radel*, 57 Ohio St.3d 102, 103, 566 N.E.2d 661 (1991); *State ex rel. Temke v. Outcalt*, 49 Ohio St.2d 189, 191, 360 N.E.2d 701 (1977). A peremptory writ will not issue unless the relator is entitled to relief as a matter of law and fact, *Conley* at ¶ 9, and until the answer is filed, all we have to review are allegations in a complaint.

{¶ 30} At this stage of the proceedings in this case, no answer has been filed and the common pleas court may still deny the allegations in the complaint, dispute the authenticity of the documents attached to it, or assert an affirmative defense precluding relief in Doe's favor. The decision to grant a peremptory writ of procedendo in this case is therefore premature.

{¶ 31} Accordingly, I would deny the motion to dismiss and order the common pleas court to file an answer to Doe's complaint.

_____

J. Roger Smith II, for relator.

10

Montgomery, Rennie & Jonson, Lisa M. Zaring, and Anthony M. McNamara, for respondent.

_____