[Cite as *State ex rel. Bandy v. Gilson*, 2020-Ohio-1031.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE EX REL. WILLIE BANDY,    :

    Relator,        :

                              No. 109330

v.                    :

THOMAS P. GILSON, ET AL.,    :

    Respondents.     :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** March 18, 2020

---

Writ of Mandamus
Motion No. 535446
Order No. 535968

---

***Appearances:***

Willie Bandy, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mark R. Musson, Assistant Prosecuting Attorney, *for respondent.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Relator, Willie Bandy, seeks a writ of mandamus directing respondents, Thomas P. Gilson, medical examiner of Cuyahoga County; Dawn McCollum, deputy coroner; and Amy Michelle Riley, forensic scientist, to release

records held by the Cuyahoga County Medical Examiner's Office. Respondents have released all records to which Bandy is entitled. Therefore, respondents' motion to dismiss is granted and the request for writ of mandamus is dismissed. Further, this court finds that Bandy's complaint is frivolous. Bandy has demonstrated a repeated history of filing frivolous actions in this court. Pursuant to Loc.App.R. 23, this court deems Bandy a vexatious litigator.

{¶ 2} On December 27, 2019, Bandy filed a complaint for writ of mandamus. In his complaint, he asserted that respondents failed to provide all responsive records held by them pursuant to his records request filed on September 18, 2014. That request, attached to his complaint, acknowledged receiving an autopsy report relating to an autopsy performed on a decedent, Ray Emerson. He further stated that he did not receive any photographs of the decedent taken by the coroner. Bandy's records request letter sought photographs of the decedent.

{¶ 3} Bandy claims that he is entitled to copies of any photographs in the coroner's possession. Bandy's complaint also requests that this court order respondents to produce the death certificate and autopsy report for Mr. Emerson, along with photographs and x-rays of the decedent's 13 stab wounds.

{¶ 4} Respondents filed a motion to dismiss on January 24, 2020, arguing that Bandy's complaint fails on its face. On January 31, 2020, Bandy filed his opposition to the motion to dismiss again claiming he is entitled to all the requested records.

{¶ 5} "To be entitled to a writ of mandamus compelling the production of public records, a relator must establish by clear and convincing evidence that the relator has a clear legal right to the records and that the respondent has a clear legal duty to provide them." *State ex rel. School Choice Ohio, Inc. v. Cincinnati Pub. School Dist.*, 147 Ohio St.3d 256, 2016-Ohio-5026, 63 N.E.3d 1183, ¶ 11, citing *State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974, 31 N.E.3d 616, ¶ 10.

{¶ 6} The matter is before this court on respondents' motion to dismiss. A motion to dismiss shall be granted "if it appears beyond doubt, after presuming the truth of all material factual allegations in the complaint and making all reasonable inferences in [the nonmovant's] favor, that he is not entitled to the requested extraordinary relief." *State ex rel. Doe v. Gallia Cty. Common Pleas Court*, 153 Ohio St.3d 623, 2018-Ohio-2168, 109 N.E.3d 1222, ¶ 7, citing *State ex rel. Bates v. Court of Appeals for the Sixth Appellate Dist.*, 130 Ohio St.3d 326, 2011-Ohio-5456, 958 N.E.2d 162, ¶ 8.

{¶ 7} First, it must be noted that Bandy specifically states that his complaint does not rely on Ohio's Public Records Act, R.C. 149.43. Instead, Bandy relies on R.C. 313.10 as the basis for asserting his claim that the coroner's office has a duty to provide the requested photographs and has failed to do so. Bandy disavows seeking records under Ohio's Public Records Act, R.C. 149.43.[1]

---

[1] Because Bandy's complaint fails on its face, this court does not need to address respondents' claim that Bandy must satisfy the requirements of R.C. 149.43 before seeking public records from a coroner's office, such as first seeking leave from the trial judge who

{¶ 8} R.C. 313.10(A)(1) provides:

Except as otherwise provided in this section, the records of the coroner who has jurisdiction over the case, including, but not limited to, the detailed descriptions of the observations written during the progress of an autopsy and the conclusions drawn from those observations filed in the office of the coroner under division (A) of section 313.13 of the Revised Code, made personally by the coroner or by anyone acting under the coroner's direction or supervision, are public records. Those records, or transcripts or photostatic copies of them, certified by the coroner shall be received as evidence in any criminal or civil action or proceeding in a court in this state, as to the facts contained in those records. The coroner of the county where the death was pronounced shall be responsible for the release of all public records relating to that death.

{¶ 9} The statute then goes on to delineate which records held by a coroner's office are not public records:

(a) Preliminary autopsy and investigative notes and findings made by the coroner or by anyone acting under the coroner's direction or supervision;

(b) *Photographs of a decedent made by the coroner or by anyone acting under the coroner's direction or supervision*;

(c) Suicide notes;

(d) Medical and psychiatric records provided to the coroner, a deputy coroner, or a representative of the coroner or a deputy coroner under section 313.091 of the Revised Code;

(e) Records of a deceased individual that are confidential law enforcement investigatory records as defined in section 149.43 of the Revised Code;

(f) Laboratory reports generated from the analysis of physical evidence by the coroner's laboratory that is discoverable under Criminal Rule 16.

---

presided over his criminal case. *See State ex rel. Clay v. Cuyahoga Cty. Med. Examiner's Office*, 152 Ohio St.3d 163, 2017-Ohio-8714, 94 N.E.3d 498.

(Emphasis added.) R.C. 313.10(A)(2). The statute specifies to whom full and complete records may be provided. They include the next of kin of the decedent as defined in R.C. 313.10(C)(1), journalists as set forth in R.C. 313.10(D), and an insurer for us as specified in R.C. 313.10(E). A person convicted of murdering the decedent is not listed as one that is entitled to the full and complete records from a coroner's office pursuant to R.C. 313.10.

{¶ 10} The statute specifically excludes photographs of the decedent from the definition of public records. The request letter attached to Bandy's complaint indicates that he has already received a copy of the autopsy report. The letter goes on to request pictures of the deceased and only pictures of the deceased. Bandy, the man convicted of killing Ray Emerson, is not included the list of individuals who are entitled to a complete copy of all the records held by the coroner. Therefore, the coroner is under no obligation to provide Bandy with pictures of a decedent under R.C. 313.10(A)(2)(b).

{¶ 11} Respondents have not failed to fulfill a legal duty in this respect. Further, in his request letter, Bandy failed to request the additional items he now seeks from the coroner as set forth in his complaint. It is clear that Bandy can prove no set of facts entitling him to relief in this case. He received that to which he is entitled under R.C. 313.10 prior to the filing of this action.

{¶ 12} Accordingly, Bandy's complaint is frivolous. Loc.App.R. 23(A) provides,

If the Eighth District Court of Appeals, sua sponte or on motion by a party, determines that an appeal, original action, or motion is frivolous or is prosecuted for delay, harassment, or any other improper purpose, it may impose on the person who signed the appeal, original action, or motion, a represented party, or both, appropriate sanctions. The sanctions may include an award to the opposing party of reasonable expenses, reasonable attorney fees, costs or double costs, or any other sanction the Eighth District Court of Appeals considers just. An appeal, original action, or motion shall be considered frivolous if it is not reasonably well-grounded in fact, or warranted by existing law, or by a good faith argument for the extension, modification, or reversal of existing law.

{¶ 13} R.C. 2323.51(A)(2) further defines "frivolous conduct" as, among other things, conduct that "is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law."

R.C. 2323.51 applies an objective standard in determining frivolous conduct, as opposed to a subjective one. *Hardin v. Naughton*, 8th Dist. Cuyahoga No. 99182, 2013-Ohio-2913, ¶ 14, citing *State Farm Ins. Co. v. Peda*, 11th Dist. Lake No. 2004-L-082, 2005-Ohio-3405. The finding of frivolous conduct under R.C. 2323.51 is determined without reference to what the individual knew or believed. *Id.*, citing *Ceol v. Zion Indus., Inc.*, 81 Ohio App.3d 286, 289, 610 N.E.2d 1076 (9th Dist.1992). In determining whether a claim itself is frivolous, the test is whether no reasonable lawyer would have brought the action in light of the existing law. *The James Lumber Co. v. Nottrodt*, 8th Dist. Cuyahoga No. 97288, 2012-Ohio-1746, ¶ 25, citing *Orbit Elecs., Inc. v. Helm Instrument Co.*, 167 Ohio App.3d 301, 2006-Ohio-2317, 855 N.E.2d 91 (8th Dist.).

*Crenshaw v. Integrity Realty Group, L.L.C.*, 8th Dist. Cuyahoga No. 100031, 2013-Ohio-5593, ¶ 8.

{¶ 14} Bandy's complaint is not grounded in fact, supported by existing law or a reasonable extension of existing law. R.C. 313.10, the only statute upon which

Bandy relies, clearly excludes photographs of a decedent from the definition of public records. Bandy has not argued that he fits within one of the exceptions set forth in the statute, and Bandy specifically disavows reliance on other sources of statutory authority for the release of records. Therefore, the filing of the complaint for a writ of mandamus seeking records to which Bandy is clearly not entitled under the statute constitutes frivolous conduct.

{¶ 15} Further, Bandy has a demonstrated history of nonmeritorious filings in this court. *See, e.g., Bandy v. Cuyahoga Cty. Prosecutor's Office*, 8th Dist. Cuyahoga No. 106635, 2018-Ohio-3679; *State v. Bandy*, 8th Dist. Cuyahoga Nos. 101785 and 101786, 2015-Ohio-1033; *Bandy v. Villanueva*, 8th Dist. Cuyahoga No. 98116, 2012-Ohio-3695; *State ex rel. Bandy v. Villanueva*, 8th Dist. Cuyahoga No. 97609, 2012-Ohio-2313; *State ex rel. Bandy v. Villanueva*, 8th Dist. Cuyahoga No. 97826, 2012-Ohio-1750; *State ex rel. Bandy v. Villanueva*, 8th Dist. Cuyahoga No. 97870, 2012-Ohio-1551. This court has previously admonished Bandy for his repeated filings and warned him that further frivolous filings may result in this court declaring him a vexatious litigator. *Bandy*, 8th Dist. Cuyahoga Nos. 101786 and 101786, 2015-Ohio-1033, at ¶ 36. That time has come.

{¶ 16} Pursuant to Loc.App.R. 23(B), Bandy is prohibited from instituting or continuing legal proceedings in the Ohio Eighth District Court of Appeals without first obtaining leave. Also, the filing of any future action, motion, or appeal must be accompanied by the appropriate filing fee and security for costs as required by Loc.App.R. 3(A).

{¶ 17} Respondents' motion to dismiss is granted. This court also orders that Bandy bear the costs of this action. The clerk of courts is directed to serve notice of this judgment upon all parties as provided in Civ.R. 58(B).

{¶ 18} Complaint dismissed.

_____
EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR