[Cite as *Bunkley v. State*, 2020-Ohio-4433.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

LEBRON BUNKLEY,

Relator,

v.

STATE OF OHIO,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 19 MA 0137

---

Petition for Writ of Mandamus

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Judges and Judge Mary Jane Trapp, Judge of the
Eleventh District Court of Appeals, Sitting by Assignment

---

**JUDGMENT:**
Dismissed.

---

*Lebron Bunkley. pro se.*, P.O. Box 8000, Bradford, Pennsylvania, for Relator and

*Atty. Paul J. Gains,* Mahoning County Prosecutor*, Atty. Ralph M. Rivera,* Assistant
Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503,
for Respondent.

**Dated: 8/21/20**

**PER CURIAM.**

{¶1}    Relator Lebron Bunkley, proceeding on his own behalf, initiated this original action by filing a petition for writ of mandamus against Respondent State of Ohio seeking to compel the Mahoning County Common Pleas Court to rule on a motion he filed in 2016 in one of his criminal cases in that court.  Statutory counsel for Respondent is the Mahoning County Prosecutor's Office, R.C. 309.09(A), and through Assistant Prosecutor Ralph M. Rivera, it has responded with a combined answer and motion to dismiss.  Because Respondent has ruled on Relator's motion, the matter is moot, requiring dismissal.

{¶2}    On July 14, 2011, the Mahoning County Grand Jury issued two indictments against Relator resulting in his being named as a criminal defendant in two Mahoning County Common Pleas Courts cases.  The first case (2011 CR 00666) stemmed from events occurring on June 13, 2011, which resulted in the grand jury charging him with two counts.  Count one was failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B)(C)(5)(a)(ii), a third-degree felony.  Count two was for assault (on a police officer) in violation of R.C. 2903.13(A(C)(3), a fourth-degree felony.

{¶3}    The second case (2011 CR 00702) stemmed from events occurring on June 17, 2011, which resulted in the grand jury charging Relator with two counts of aggravated possession of drugs (count one – Endocet and count two – Oxycodone) in violation of R.C. 2925.11(A)(C)(1)(b), third-degree felonies.  Each count also contained a forfeiture specification for $4,490.00 in U.S. currency.

{¶4}    The parties reached a Crim.R. 11(F) plea agreement resolving both cases at a plea and sentencing hearing conducted by the trial court on November 23, 2011.  The written plea agreements reflect that Relator acknowledged the maximum sentence for each of the offenses with which he was charged: 3 years for failure to comply with an order or signal of a police officer; 18 months for assault; and 3 years for the counts of aggravated possession of drugs which merged for the purposes of sentencing but also attached a statutory presumption that a prison term is necessary.  Pursuant to the agreement, Relator pleaded guilty as charged in both cases.  In exchange, for case no.

2011 CR 00666, the State agreed to recommend a one-year term of imprisonment for the failure to comply with an order or signal of a police officer conviction, a one-year term of imprisonment for the assault conviction to be served concurrently with each other and with an unidentified federal court sentence. In case no. 2011 CR 00702, the State agreed to recommend a three-year term of imprisonment for aggravated possession of drugs to be served concurrently with the recommended sentence in case no. 2011 CR 00666 and concurrently with the unidentified federal court sentence. Thus, as to the state convictions, the trial court sentenced Relator to the recommended aggregate sentence of three-years imprisonment. As indicated, the terms of the federal court sentence are never identified in the plea agreements or judgment entries of sentence.

{¶5} Over five years later during which time Relator sought twice unsuccessfully to obtain judicial release, he filed a motion to vacate plea, conviction and sentence as void ab initio on November 29, 2016. He argued he did not enter his guilty pleas knowingly and voluntarily because his appointed trial counsel did not provide him with a copy of the discovery resulting in ineffective assistance of counsel. He contended that manifest injustice resulted because his pleas were used in federal court to enhance his federal sentence. Retained counsel for Relator filed a supplement to his motion on December 21, 2016. He clarified that Relator was in federal custody at the time he entered his pleas in state court. He too argued Relator's appointed trial counsel was ineffective for allowing Relator to enter the pleas because he should have known and advised Relator that the pleas would result in his designation under federal sentencing guidelines as an Armed Career Criminal, "dramatically" increasing his exposure to an enhancement of his federal sentence.

{¶6} Thereafter, the trial court judge who had presided over both of Relator's cases retired and there was an election to fill his seat on the bench. The Mahoning County Common Pleas Court, General Division, is comprised of five judges. Relator's cases were assigned to Judge Lou A. D'Apolito. Judge D'Apolito retired and Judge Anthony Donofrio was elected to his seat on the bench.

{¶7} Next, we address two insubstantial procedural issues for the sake of clarity and judicial uniformity. First, we note Relator's petition is improperly captioned as "*Lebron Bunkley v. State of Ohio.*" R.C. 2731.04, which specifically addresses the captioning of

Case No. 19 MA 0137

an application for a writ of mandamus, states in relevant part: "Application for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." Therefore, Relator's complaint should be recaptioned "*The State ex rel. Bunkley v. The Honorable Anthony Donofrio, Mahoning County Court of Common Pleas, General Division*" or, similarly, "*The State ex rel. Bunkley v. Judge Anthony Donofrio, Mahoning County Common Pleas Court, General Division.*" *State ex rel. Clay v. Gee*, 138 Ohio St.3d 151, 2014-Ohio-48, 4 N.E.3d 1026, ¶ 1, fn. 1 (re-captioning procedendo action and noting "[t]hroughout this litigation, this case has been incorrectly captioned *State v. Clay.*"). Which leads us to the second issue—the substantive nature of the petition.

{¶8} Although mandamus is technically available as an original action to pursue in cases of a court's alleged undue delay in entering judgment, in recent years, the Ohio Supreme Court's has reiterated its position favoring procedendo as the more appropriate original action, since "[a]n inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy." *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110, 637 N.E.2d 319 (1994); *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35, 656 N.E.2d 332, (1995); *State ex rel. Doe v. Gallia Cty. Common Pleas Court*, 153 Ohio St.3d 623, 2018-Ohio-2168, 109 N.E.3d 1222, ¶ 14, *reconsideration denied sub nom. Doe v. Gallia Common Pleas Court*, 153 Ohio St.3d 1460, 2018-Ohio-3257, 104 N.E.3d 791.

{¶9} The original jurisdiction of the Ohio Supreme Court and the Courts of Appeals is nearly identical as forth in the Ohio Constitution. Each have original jurisdiction over writs of quo warranto, mandamus, habeas corpus, prohibition, and procedendo. Ohio Constitution, Article IV, Section 2(B)(1)(a)-(f) (Ohio Supreme Court); Ohio Constitution, Article IV, Section 3(B)(1)(a)-(f) (Courts of Appeals). The same rules concerning the constitutional original jurisdiction of the Ohio Supreme Court in these writs apply equally to the Court of Appeals. *See State ex rel. Pressley v. Indus. Commission*, 11 Ohio St.2d 141, 162, 228 N.E.2d 631, 647 (1967). Moreover, because of the Ohio Constitution's coextensive grant of original jurisdiction over these writs, Courts of Appeals are vested with same plenary authority over original actions instituted before it as the Ohio Supreme Court has over original actions instituted before it. In examining Ohio Constitution, Article

IV, Section 2, which in addition to setting forth the Ohio Supreme Court's original jurisdiction over the aforementioned writs, also defines its appellate jurisdiction, the Court long ago succinctly delineated this concept of a court's plenary authority over an original action: "This provides for jurisdiction of two kinds, *original* and *appellate*. The *appellate* is only '*such* as may be provided by law.' But the *original* jurisdiction is plenary, it is all the jurisdiction, as it existed at common law, as to the *occasions* of its exercise, though not necessarily in its *forms*." (Emphasis sic.) *State ex rel. Grisell v. Marlow*, 15 Ohio St. 114, 125 (1864).

{¶10} The Ohio Supreme Court has acknowledged and exercised this plenary authority to convert an original action, although improperly styled, to a different (and the appropriate) original action to which the substance of the pleadings align. *State ex rel. Doe v. Gallia Cty. Common Pleas Court*, 153 Ohio St.3d 623, 2018-Ohio-2168, 109 N.E.3d 1222, *reconsideration denied sub nom. Doe v. Gallia Common Pleas Court*, 153 Ohio St.3d 1460, 2018-Ohio-3257, 104 N.E.3d 791 (converting a criminal defendant's petition for a writ of mandamus to compel the trial court to rule on his motion to seal his conviction into a petition for a writ of procedendo); *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 410, 534 N.E.2d 46, 52 (1988), *on reh'g*, 44 Ohio St.3d 106, 541 N.E.2d 64 (1989) (converting workers compensation claimants' original action from prohibition to mandamus where claimants had presented medical evidence uniformly indicating their condition had become permanent yet the Industrial Commission continued to issue only temporary total disability as a matter of policy).

{¶11} Therefore, this Court, on its own accord, converts Relator's petition for a writ of mandamus to what is substantively, and more appropriately entitled, a petition for a writ of procedendo. Unlike mandamus, there is no comparable *statutory* requirement for procedendo cases to be brought by petition, in the name of the state on the relation of the person applying. However, the Ohio Supreme Court has held that a petition for a writ of procedendo be by petition, in the name of the state on the relation of the person applying. *Clay*, *supra*. Again, there are no statutory provisions governing procedendo. Concerning procedure, the Ohio Rules of Civil Procedure are applicable in the absence of a local rule of court. And the remainder, both procedurally and substantively, is left to the courts to decide.

{¶12} As an aside, it is worth mentioning that concerning the statutory requirement for mandamus actions that they be captioned in the name of the state on the relation of the person applying, the Ohio Supreme Court has held that the requirement is not jurisdictional, observing "we recently held the requirements of that statute (R.C. 2731.04) are not jurisdictional," noting a number of cases that were not dismissed for the relator's failure to caption his or her complaint in the name of the state. *Doe* at ¶ 8, cting *Salemi v. Cleveland Metroparks*, 145 Ohio St.3d 408, 2016-Ohio-1192, 49 N.E.3d 1296, ¶ 15.

{¶13} "A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 532, 705 N.E.2d 1227 (1999). "To be entitled to a writ of procedendo, a relator must establish (1) a clear legal right to require the respondent to proceed, (2) a clear legal duty on the part of the respondent to proceed, and (3) the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Williams v. Croce*, 153 Ohio St.3d 348, 2018-Ohio-2703, 106 N.E.3d 55 ¶ 6. "The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be." *State ex rel. Davey v. Owen*, 133 Ohio St. 96, 106, 12 N.E.2d 144 (1937).

{¶14} In this case, counsel for Respondent included in his combined answer and motion Exhibit No. 1. Exhibit No. 1 is a copy of a Judgment Entry issued by Respondent and filed with the clerk of courts on January 6, 2020. In the entry, Judge Donofrio, Judge D'Apolito's successor, stated Relator's November 29, 2016 motion to vacate his plea had just recently come to the court's attention. The entry concludes stating Respondent had considered Relator's motion and expressly overruled it.

{¶15} Relator has not contested Respondent's mootness argument. Moreover, and more specifically, Relator has not submitted a response or brief in opposition to Respondent's motion to dismiss thereby admitting Respondent's assertion concerning the issuance of a judgment entry disposing of the pending motion in the underlying criminal actions. Therefore, this original action is now moot. "A writ of procedendo will not issue to compel the performance of a duty that has already been performed." *State ex rel. Bortoli v. Dinkelacker*, 105 Ohio St.3d 133, 2005-Ohio-779, 823 N.E.2d 448, ¶ 3.

{¶16} Accordingly, the Court grants Respondent's motion to dismiss and orders this case dismissed.

{¶17} Costs taxed against Relator. Final order. Clerk to serve copies of this decision and judgment entry pursuant to the civil rules.


**JUDGE CAROL ANN ROBB**

**JUDGE CHERYL L. WAITE**

**JUDGE MARY JANE TRAPP**
**ELEVENTH DISTRICT COURT OF APPEALS**
**SITTING BY ASSIGNMENT**