[Cite as *State ex rel. Fleagane v. Vavra*, 2022-Ohio-1453.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

JAMES J. FLEAGANE AND NORMA J. FLEAGANE,

Relators,

v.

HONORABLE JUDGE JOHN A. VAVRA,
BELMONT COUNTY COURT OF COMMON PLEAS

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 21 BE 0016

---

Writ of Procedendo

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Atty. Charles L. Kidder* and *Atty. Steven R. R. Anderson*, 6375 Riverside Drive, Suite 200, Dublin, Ohio 43017, for Relator.

*Atty. Kevin Flanagan*, Belmont County Prosecuting Attorney and *Atty. David K. Liberati,* Belmont County Assistant Prosecutor, 52160 National Road, St. Clairsville, Ohio 43950, for Respondent.

Dated: April 18, 2022

**PER CURIAM.**

{¶1}   Relators, James J. Fleagane and Norma J. Fleagane, have filed a petition for a writ of mandamus and/or procedendo seeking to have this Court compel Respondent, Judge John A. Vavra, to rule on pending cross-motions for summary judgment and a motion for contempt.  Counsel for Respondent filed a motion to dismiss, stating that as Respondent has issued a decision addressing each of the motions, their petition is moot.

{¶2}   Relators are defendants in a quiet title action initiated by their landlocked neighbors, seeking an easement along their driveway to a public road.  In December of 2016, Respondent granted a temporary restraining order against Relators and allowed the neighbors to use the driveway to access their property.  Respondent promptly set the matter for a preliminary injunction hearing.  The hearing was continued at Relators' request.

{¶3}   Shortly thereafter, Respondent conducted a pretrial scheduling conference and ordered the parties to cooperate in filing a joint Report of Parties, a form prescribed by local rule.  The report requires counsel for the parties to "confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures of expert witnesses, and to develop a proposed discovery plan that indicates the parties' views and proposals concerning [a list of specified discovery items]."  Loc.R. 16, Appendix A, Form 1.

{¶4}   Relators then precipitated another delay in the proceedings by filing a motion for an extension of time within which to file their answer, which Respondent granted.  Still, less than two months after the complaint was filed, Respondent reviewed

the Report of Parties and issued a case management schedule, culminating with a jury trial scheduled for July 2017. Respondent referred the matter to mediation, which was to take place concurrently with the trial court schedule.

{¶5} In June of 2017, Respondent received a report that mediation had resulted in a settlement. The parties were ordered to file a dismissal entry at least three days prior to the scheduled trial date, in July. Instead, the parties filed an Agreed Judgment Entry and Relators filed another motion for continuance, which Respondent granted until September, 2017.

{¶6} One week prior to the September deadline, counsel for Relators filed a motion to withdraw. Respondent convened another pretrial for the date set in September. Respondent noted the parties' failure to submit a dismissal entry. The parties indicated that a further survey of the subject property might facilitate settlement. Respondent allowed counsel for Relators to withdraw and referred the case back to mediation.

{¶7} The following month, October of 2017, Respondent held a status conference. As the parties had not agreed on the need for a survey or the utility of further mediation, Respondent issued a new case management schedule and scheduled a jury trial for June of 2018.

{¶8} In April of 2018, approximately two months before the scheduled trial date, Relators filed a motion for summary judgment. The following month, Respondent held a final pretrial conference. Relators' neighbors also filed a motion for summary judgment. Based on the June trial date, Respondent scheduled deadlines for the remaining summary judgment filings. However, at the end of conference, Relators' counsel

requested that should a continuance become necessary, a new trial date be scheduled after September, 2018.

**{¶9}** Respondent conducted a timely hearing on the motions, allowing arguments from counsel for both sides. Immediately following the hearing, counsel for the parties asked Respondent to vacate the remaining case management schedule. Two months later, Respondent conducted another hearing on the cross-motions for summary judgment and permitted testimony from Relators.

**{¶10}** Thereafter, Relators filed a motion for contempt—two weeks after Ohio's governor declared a state of emergency in response to the COVID pandemic and one week after access to Respondent's courthouse was limited to appointment only and all civil cases were continued.

**{¶11}** Relators then filed this original action entitled as a petition for a writ of mandamus "and/or" procedendo. Although mandamus is technically available as in cases of a court's alleged undue delay in entering judgment, in recent years, the Ohio Supreme Court has reiterated its position favoring procedendo as the more appropriate original action, since "[a]n inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy." *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110, 637 N.E.2d 319 (1994); *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35, 656 N.E.2d 332 (1995); *State ex rel. Doe v. Gallia Cty. Common Pleas Court*, 153 Ohio St.3d 623, 2018-Ohio-2168, 109 N.E.3d 1222, ¶ 14, *reconsideration denied sub nom. Doe v. Gallia Common Pleas Court*, 153 Ohio St.3d 1460, 2018-Ohio-3257, 104 N.E.3d 791.

**{¶12}** The relief Relators seek in this original action is unambiguous. They ask that Respondent rule on the pending cross-motions for summary judgment and the motion for contempt. Therefore, the action is a writ of procedendo.

**{¶13}** The Rules of Superintendence for the courts of Ohio, more specifically Sup.R. 40(A)(3), states motions "shall" be ruled upon within 120 days. "[T]he Rules of Superintendence are general guidelines for courts' conduct that do not create substantive rights in individuals or procedural law." *In re C.H.*, 7th Dist. Columbiana No. 14 CO 29, 2015-Ohio-2109, ¶ 51. Regarding Sup.R. 40(A)(3) specifically, the Ohio Supreme Court has held the rule does not give rise to an enforceable right in mandamus or procedendo. *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, ¶ 8.

**{¶14}** Nonetheless, the Court explained how the 120-day rule provides a framework or starting point for consideration of a request to compel a ruling:

> Sup.R. 40(A)(3) imposes on trial courts a duty to rule on motions within 120 days. Although the Rules of Superintendence do not provide litigants with a right to enforce Sup.R. 40, the rule does guide this court in determining whether a trial court has unduly delayed ruling on a motion for purposes of ruling on a request for an extraordinary writ. A court that takes more than 120 days to rule on a motion risks unduly delaying the case and, as here, risks our issuing writs of mandamus and/or procedendo to compel a ruling.

> That is not to say that claims in mandamus and/or procedendo automatically lie simply because a motion remains pending longer than 120 days. Other factors may dictate that a trial court take more time to rule on a motion. For

example, a judge may require longer than 120 days to rule on a motion for summary judgment in a complex case. Other factors that might delay a ruling are the need for further discovery, the possibility of settlement, and other motions pending in the case. *See State ex rel. Duncan v. DeWeese*, 5th Dist. No. 2011-CA-67, 2011-Ohio-5194, 2011 WL 4625370, ¶ 4. This is not an exhaustive list; we cannot anticipate all the factors that might allow a court, acting within its proper discretion, to delay ruling on a motion past the 120 days commanded by the rule.

*Id.* at ¶ 11-12.

**{¶15}** Applying these principles to the present case, it cannot be said Respondent unduly delayed in ruling on the pending motions. The litigation in the underlying proceedings has been unquestionably protracted. However, the duration of the proceedings is due primarily to the actions of the parties involved, and to Relators in particular. Much of this time is attributable to the parties' efforts towards mediation. Other delays were expressly attributable to Relators' motions for extension, a request to change the case management schedule, and the motion to withdraw filed by their counsel. While the legal issues seemingly appear straightforward, Relators' inconsistent testimony contributed to the case becoming relatively complex.

**{¶16}** Additionally, it should be noted that two days after Relators filed their motion for contempt, time guidelines and requirements were tolled from March 27, 2020, to July 30, 2020, due to the COVID pandemic. *In re Tolling of Time Requirements Imposed by Rules Promulgated by Supreme Court & Use of Technology*, 158 Ohio St.3d 1447, 2020-Ohio-1166.

Case No. 21 BE 0016

**{¶17}** Lastly, and most importantly, Respondent issued a lengthy decision addressing and disposing of the pending motion just eight days after Relators instituted this action. Included with Respondent's motion to dismiss is a copy of the file-stamped entry, rendering this action moot. *State ex rel. Howard v. Skow*, 102 Ohio St.3d 423, 811 N.E.2d 1128, 2004-Ohio-3652, ¶ 9 (explaining that the court reviewing a request for a writ can consider the trial court's acts after the petition is filed); *State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Info. Network, Inc. v. Dupuis,* 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8 ("An event that causes a case to become moot may be proved by extrinsic evidence outside the record."); *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253, 703 N.E.2d 304 (1998) ("Neither procedendo nor mandamus will compel the performance of a duty that has already been performed."); *State ex rel. Howard v. Belmont Cty. Common Pleas Court*, 7th Dist. Belmont No. 09BE22, 2009-Ohio-6811, ¶ 7.

**{¶18}** Relators' original action seeking a writ of procedendo is hereby dismissed as moot. No costs assessed. Final order. Clerk to serve copies of this decision and judgment entry pursuant to the civil rules.


**JUDGE CHERYL L. WAITE**

**JUDGE GENE DONOFRIO**

**JUDGE CAROL ANN ROBB**


Case No. 21 BE 0016