[Cite as *State ex rel. Johnson v. D'Apolito*, 2022-Ohio-2341.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE EX REL. LARRY JOHNSON,

Relator,

v.

JUDGE ANTHONY M. D'APOLITO,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case Nos. 21 MA 0095, 21 MA 0105**

---

Writ of Procedendo/Mandamus

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Larry Johnson*, *Pro se*, #670-089, Allen Correctional Institution, P.O. Box 4501, Lima, Ohio 45802, Relator, and

*Atty. Paul J. Gains*, Mahoning County Prosecutor and *Atty. Edward A. Czopur*, Assistant Prosecutor, Mahoning County Prosecutor's Office, 21 West Boardman Street., 6th Floor, Youngstown, Ohio 44503, for Respondent.

Dated: June 28, 2022

**PER CURIAM.**

{¶1} Relator Larry Johnson, a self-represented prison inmate, has filed a petition for a writ of procedendo and/or mandamus seeking to have this Court compel a Mahoning County Court of Common Pleas judge to rule on his motion challenging the subject matter jurisdiction of the trial court judge. Counsel for Respondent has filed a motion to dismiss. Because Respondent has issued a decision addressing the motion, this petition is moot.

{¶2} In 2014, a Grand Jury returned a three-count indictment charging Petitioner with murder, aggravated murder, and robbery in the Mahoning County Court of Common Pleas, case no. 2014 CR 00020. Beginning in 2015, Judge Shirley J. Christian took over as the judge presiding over Petitioner's case. Judge Christian was one of five judges that comprised the General Division of the Mahoning County Court of Common Pleas and is named as the sole party respondent in this petition.

{¶3} In March of 2015, Petitioner entered into a negotiated plea agreement with the state pursuant to Crim.R. 11(F). Petitioner agreed to plead guilty to murder. In exchange, the state agreed to move for dismissal of the aggravated murder and robbery counts and take no formal position with the parole board. The agreement was contingent on Petitioner's agreement not to commit a new felony offense of violence. Judge Christian sustained the state's motion to amend the indictment to dismiss the aggravated murder and robbery counts, and accepted Petitioner's guilty plea to murder. He was sentenced to a mandatory, indefinite term of fifteen years to life in prison. R.C. 2903.02(A)(D); R.C. 2929.02(B)(1). Petitioner did not pursue an appeal of either his conviction or sentence.

{¶4} Over six years later, and now proceeding on his own behalf, Petitioner filed a motion challenging the subject matter jurisdiction of the trial judge. The motion, filed on May 10, 2021, was assigned to Judge Anthony M. D'Apolito who succeeded Judge

Christian in 2017. Pursuant to Civ.R. 25(D)(1), Judge D'Apolito is automatically substituted as party respondent in this petition.

{¶5} Relator captioned this original action as a combined petition for a writ of mandamus/procedendo. Although mandamus is technically available as an original action in cases involving a court's alleged undue delay in entering judgment, in recent years, the Ohio Supreme Court has reiterated its position favoring procedendo as the more appropriate action, since "[a]n inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy." *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110, 637 N.E.2d 319 (1994); *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35, 656 N.E.2d 332 (1995); *State ex rel. Doe v. Gallia Cty. Common Pleas Court*, 153 Ohio St.3d 623, 2018-Ohio-2168, 109 N.E.3d 1222, ¶ 14, *reconsideration denied sub nom. Doe v. Gallia Common Pleas Court*, 153 Ohio St.3d 1460, 2018-Ohio-3257, 104 N.E.3d 791.

{¶6} The Rules of Superintendence for the courts of Ohio provide that "[a]ll motions shall be ruled upon within one hundred twenty days from the date the motion was filed * * *." Sup.R. 40(A)(3). The Ohio Supreme Court has held that this rule does not give rise to an enforceable right in mandamus or procedendo. *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, ¶ 8.

{¶7} However, in *Culgan*, the Court went on to explain how the rule should guide a court's consideration of a request to compel a ruling:

Sup.R. 40(A)(3) imposes on trial courts a duty to rule on motions within 120 days. Although the Rules of Superintendence do not provide litigants with a right to enforce Sup.R. 40, the rule does guide this court in determining

whether a trial court has unduly delayed ruling on a motion for purposes of ruling on a request for an extraordinary writ. A court that takes more than 120 days to rule on a motion risks unduly delaying the case and, as here, risks our issuing writs of mandamus and/or procedendo to compel a ruling.

That is not to say that claims in mandamus and/or procedendo automatically lie simply because a motion remains pending longer than 120 days. Other factors may dictate that a trial court take more time to rule on a motion. For example, a judge may require longer than 120 days to rule on a motion for summary judgment in a complex case. Other factors that might delay a ruling are the need for further discovery, the possibility of settlement, and other motions pending in the case. See *State ex rel. Duncan v. DeWeese*, 5th Dist. No. 2011- CA-67, 2011-Ohio-5194, 2011 WL 4625370, ¶ 4. This is not an exhaustive list; we cannot anticipate all the factors that might allow a court, acting within its proper discretion, to delay ruling on a motion past the 120 days commanded by the rule.

*Id.* at ¶ 11-12.

{¶8} Appellant's motion in this matter was filed on May 10, 2021. Here, while the trial did not rule on the motion within the 120-day period prescribed by law, Respondent issued a decision ruling on Relator's pending motion just twenty (20) days after Relator instituted this action. Included with Respondent's motion to dismiss is a copy of the file-stamped entry, rendering this original action in procedendo moot. *State ex rel. Howard v. Skow*, 102 Ohio St.3d 423, 811 N.E.2d 1128, 2004-Ohio-3652, ¶ 9 (explaining that the

court reviewing a request for a writ can consider the trial court's acts after the petition is filed); *State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Info. Network, Inc. v. Dupuis,* 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8 ("An event that causes a case to become moot may be proved by extrinsic evidence outside the record."); *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253, 703 N.E.2d 304 (1998) ("Neither procedendo nor mandamus will compel the performance of a duty that has already been performed."); *State ex rel. Howard v. Belmont Cty. Common Pleas Court*, 7th Dist. Belmont No. 09BE22, 2009-Ohio-6811, ¶ 7.

{¶9}     Relator's action seeking a writ of procedendo is hereby dismissed as moot. No costs assessed.  Final order.  Clerk to serve copies of this decision and judgment entry pursuant to the civil rules.


 **JUDGE CHERYL L. WAITE**

 **JUDGE GENE DONOFRIO**

 **JUDGE CAROL ANN ROBB**